ROBERTS, Justice.
Appellants have appealed from verdicts and judgments convicting them of violating the lottery laws and, in their brief on appeal, requested oral argument. Fla. S.Ct. Rule 40, 31 F.S.A., provides that “The application for oral argument shall not be incorporated in the briefs or other bound papers but shall be filed on a separate paper.” ' Pursuant to the settled rule of this court, the application for oral argument is denied, and the cause has been considered on the briefs submitted by the parties.
Only two questions were presented on the appeal: (1) the sufficiency of the information to charge a violation of F.S.A. § 849.09(1) (d), denouncing the aiding or assisting in setting up, promoting or conducting any lottery; and (2) the sufficiency of the affidavit to support a search warrant authorizing the search of both the dwelling and business portions of a building occupied by appellants.
The first point is concluded adversely to appellants’ contention by the decisions of this court in Fletcher v. State, Fla. 1953, 65 So.2d 845, and Adams v. State, Fla.1953, 66 So.2d 598.
As to the second point, the contents of the affidavit supporting the search warrant were sufficient to establish a reasonable ground of suspicion and supported by circumstances sufficiently strong to warrant a cautious man in the belief that the dwelling portion of the building was being used to carry on unlawful lottery activities. It was therefore sufficient to support the search warrant, under the authority of Espinola v. State, Fla.1955, 82 So.2d 601.
Affirmed.
DREW, C. J., and THOMAS and O’CONNELL, JJ., concur.