113 So.2d 601 (1959)
John HAINES, Appellant,
v.
STATE of Florida, Appellee.
No. 1133.
District Court of Appeal of Florida. Second District.
July 8, 1959.
Boone D. Tillett, Jr., Lake Wales, for appellant.
Richard W. Ervin, Atty. Gen., and Odis M. Henderson, Asst. Atty. Gen., for appellee.
KANNER, Judge.
The judgment and sentence of the court below is questioned in this appeal, appellant having been found guilty under a two count information charging him with breaking and entering with intent to commit a felony and with grand larceny. Appellant had pleaded not guilty and had been tried; his motions for directed verdict and for new trial were denied, and this appeal ensued.
Count one of the information charged that appellant and certain named accomplices "did unlawfully and feloniously break and enter the commercial building known as the Scenic Marine Service located at City of Babson Park, Polk County, Florida, property of Red Smith, with intent to commit a felony therein," and count two charged that the appellant and his accomplices "did then and there unlawfully and feloniously take, steal, and carry away the money, goods and chattels of one Red Smith." There was a total failure by the state to prove the ownership in "Red Smith" of the building alleged to have been broken and entered or of the articles and money alleged to have been stolen. The state with candid forthrightness concedes appellant's argument in this regard, acknowledging that "there is a fatal variance between the allegation of ownership as set forth in each count of the information and the proof of such ownership as reflected by the record."
Rudimentary in Florida law is the principle that in cases charging breaking and entering and those charging grand larceny, allegations of ownership of property are material and substantial matters and must be proved in order to support a conviction *602 upon such charges. Alvarez v. State, 1946, 157 Fla. 254, 25 So.2d 661; State v. Anders, Fla. 1952, 59 So.2d 776; and Lopez v. State, 1932, 106 Fla. 361, 143 So. 303. It inevitably follows that the cause should be reversed for a new trial.
While this appeal was under study, the case having been assigned for consideration and determination by the court, it was discovered that the last four words of appellant's brief stated that "Appellant request oral argument." Neither the court nor the clerk was hitherto aware that this request had been proffered. Although, subsequent to appellant's filing of his brief, the state conceded that this case should be reversed, the court calls attention to the procedural method to be employed in requesting oral argument, since other members of the bar mistakenly have followed this or like procedures.
The applicable rule enunciating the correct procedure is 3.10(a), Oral Arguments, Florida Appellate Rules, 31 F.S.A.:
"Application For. Oral arguments may be allowed in any case appealed, or presented, to the Court if applied for at the time the applicant's first brief is filed. The application for oral argument shall not be incorporated in the briefs or other bound papers but shall be filed on a separate paper. The application shall be filed with the clerk and a copy thereof shall be served on the opposite party in the same manner that briefs are required to be served."
It may be noted by members of the bar who have not as yet become familiar with the quoted rule that application for oral argument properly made shall not be incorporated in the briefs nor bound papers but shall be filed on a separate paper. To require a clerk to search a brief or a bound record to ascertain whether an application for oral argument had been made would impose upon him and his staff an unnecessarily burdensome duty. The explicitness of the rule clearly reveals its purpose, which is to obviate imposition of any such burden and to expedite the efficient scheduling of oral arguments.
Reversed and remanded for a new trial.
ALLEN, C.J., and SHANNON, J., concur.