HORTON, Judge.
Plaintiff, appellee herein, sought a special exception before the Zoning Appeals Board to permit him to enlarge the use of his premises from a bar to a night club. The Zoning Appeals Board, after hearing and upon a vote of 4-3, granted the exception. The Temple Baptist Church, being located within 2,500 feet of appellee’s premises and therefore having been named by appellee on a required sketch showing location submitted pursuant to Section 33-150(g) Code of Metropolitan Dade County, appealed the decision of the Zoning Appeals Board to the Board of County Commissioners and obtained a reversal. The appellee then instituted suit in the circuit court for a declaratory decree on the church’s standing to have appealed the original ruling of the Zoning Appeals Board, appellee’s major contention being that the church had not objected at the hearing before the Zoning Appeals Board and was therefore precluded from appealing that decision. The trial court in its summary final decree declared that the appeal to the Board of County Commissioners was improperly taken, thereby rendering the board’s action null and void.
The narrow issue for our determination is whether the appearance of the church’s name in an exhibit before the Zoning Appeals Board is legally sufficient under the ordinance to give the church standing as an aggrieved party to appeal the Zoning Appeals Board’s decision to the Board of County Commissioners under Sections 33-313 [1] and 33-302 (e) [2] of the Code of Metropolitan Dade County.
That the church is an aggrieved party under these circumstances has been *614 determined, Banyan Cafeterias, Inc., No. 3 v. Faith. Lutheran Church, Fla.1963, 151 So. 2d 426, and that its recourse from the Zoning Appeals Board decision is by way of appeal to the Board of County Commissioners. Section 33-313, supra; Bird Road Baptist Church, Inc. v. Stevens, Fla.App. 1963, 155 So.2d 420. The clear wording of Section 33-302(e) supra, compels the conclusion that the appearance of the church in ail exhibit before the Zoning Appeals Board gave it sufficient standing to appeal to the Board of County Commissioners. Any other holding would in our view judicially engraft upon the ordinance an artificial construction and thereby change the legislative intent.
The cause is reversed and remanded with directions to dismiss the complaint.
Reversed and remanded with directions.

. “Any appealable decision of the Zoning Appeals Board may be appealed by * * * any aggrieved party whose name appears in the record of the Zoning Appeals Board. * * * ”

. “The word ‘record’ when pertaining to the record of any board shall mean and include any application, exhibits, appeal papers, written objections, waivers or consents considered by such board, transcript of stenographic notes taken for the department at a public hearing held before such board, if any, the board’s minutes and resolution showing its decision or action, and if the record of a lower board is transmitted to a higher board, the record of the higher board shall include that of the lower board. The word ‘record’ shall also include any and all applicable portions of Chapter 33 of the Code of Metropolitan Dade County, Florida, other applicable ordinances as well as applicable district boundary maps and final zoning resolutions.”