JOHNSON, Judge.
This case is before this court on appeal of the Order of the Criminal Court of Record of Duval County denying petition of the defendant to set aside judgment and sentence in a criminal case.
Defendant was informed against by the County Solicitor of Duval County on May 10, 1962, charging the defendant with two counts, namely:
(1) That the defendant did unlawfully and feloniously break and enter into a dwelling * * * with intent to commit a felony, to wit: rape * * *
(2) That the defendant did unlawfully make an assault upon Meri Dawes with intent to * * * ravish and carnally know * * *
On May 18, 1962, the defendant pled not guilty. The case was passed by the State until July 23, 1962, at which time the case was called up for hearing, and the defendant was represented by attorney, Earl Johnson, who was not a court appointed attorney, but of the defendant’s own selection. The defendant, through his attorney, with the defendant being present in court, requested the right to withdraw his plea of not guilty to the first count of information, and enter plea of guilty. The State abandoned the second count. The court sentenced the defendant to IS years in the State prison.
On August 20, 1964, long after the right to appeal had expired, the defendant filed a petition in the Criminal Court of Duval County under Rule 1 of the Florida Rule of Criminal Procedure, F.S.A. ch. 924 Appendix asking the court to set aside the judgment and sentence, alleging, in addition to some general mumble-jumble, as the primary ground in said Petition to Vacate that the defendant’s attorney did not properly represent him and adequately advise him of his rights in entering his plea of guilty to the first count of information, charging his attorney and the County Solicitor as conspiring against him and alleging that the court did not properly advise him of his rights. He also charged that his attorney had told him that he had it fixed with the Prosecuting Attorney and the court to get suspended sentence or probation, if he would enter a plea of guilty.
The State’s Attorney filed his answer and served a copy thereof on the defendant on January 7, 1965, in which he points out that the defendant had been represented by an attorney at law licensed to practice in the State of Florida, and that the defendant had been fully advised of his rights and possible punishment and that with that in mind, he had entered his plea of guilty, and *738 asked the court to' deny the petition. On January 8, 1965, the judge of said court found that the defendant had been ably represented by an attorney before the court, that he was fully advised of his constitutional rights at the time the defendant withdrew his plea of not guilty, and entered his plea of guilty to the first count of information. This Order was filed on the 14th day of January, 1965.
On February 15, 1965, the defendant filed Notice of Appeal to the District Court and on March 15, 1965, filed with said court an Affidavit of Insolvency and request for counsel. In the Notice of Appeal filed in the Criminal Court of Record on the 15th of February, 1965, and subsequently filed in this court on March 15, 1965, the defendant prayed this court to appoint him counsel to represent him in perfecting his appeal. On March 16, 1965, this Court, acting through the Honorable Wallace E. Sturgis, Chief Judge, entered its Order denying the motion of appointment of counsel under authority of State of Florida v. Weeks, Fla., 166 So.2d 892.
The record on appeal was filed in this Court on March 15, 1965, and on April 7, 1965, the defendant filed his brief in proper person and on the same date filed a Motion requesting Oral Argument. On April 12, 1965, the Attorney General filed his Motion to Quash the appeal on the ground that the same “is palpably frivolous in that the matters and things set forth in Appellant’s brief, in his Assignment of Error and in his other pleadings are wholly unsupported by the Record.” On April 21, 1965, the defendant filed a Motion to Dismiss the State’s Motion to Quash the appeal. On April 22, 1965, this Court denied the Motion to Quash the appeal. On May 6, 1965, the State filed its brief, and on May 26, 1965, the defendant filed his Reply brief.
Two points of law were raised on appeal.
The first was that the Court erred in denying the defendant’s Petition under Criminal Procedure Rule 1 to vacate the judgment and sentence on the ground that the Petition contained sufficient allegations, that if true did constitute valid grounds for collateral attack of the judgment and sentence as well as valid post conviction claims of deprivation of organic rights of the defendant. Second, that the Court erred in denying the Petition to Vacate without giving the defendant a hearing and right to testify as to the allegations contained in the Petition.
The lower court having found that the defendant was ably represented by an attorney before the court, licensed to practice in the State of Florida and that the defendant was properly advised of all his constitutional rights at the time he entered his plea of guilty, this Court must of necessity find that the Petition to Vacate was insufficient to constitute a valid collateral attack upon the judgment and sentence. One of the main contentions of the defendant was that his self employed attorney was incompetent and it has been well settled by the Supreme Court of this State as well as this Court and the Federal Court that a plea of guilty waives the defendant’s right to attack the judgment on matters not jurisdictional, and that the competency or incompetency of his attorney in matters of judgment can not be disturbed on appeal. Simpson v. State, Fla.App., 164 So.2d 224; Mitchell v. United States, 259 F.2d 787, 792; Webster v. State, Fla.App.1963, 156 So.2d 890.
The points raised by the Appellant having been disposed of through the authority of the cited cases, the judgment and order of the court denying the Petition to Vacate the judgment and sentence is hereby affirmed.
The Appellant requested Oral Argument, but pursuant to Criminal Appeals Rule 6.12 and Appellate Rule 3.10 e., 31 F.S.A., the Court has exercised its discretion and dispensed with Oral Argument in said cause as being of no value to the Appellant nor to the Court.
WIGGINTON, Acting C. J., and STUR-GIS, J., concur.