505 P.2d 286

**EAST CAMELBACK HOMEOWNERS ASSOCIATION, an Arizona corporation, and Jerry Hirshberg, Appellants,**

v.

**ARIZONA FOUNDATION FOR NEUROLOGY AND PSYCHIATRY, an Arizona corporation, dba Camelback Hospital, Phoenix Institute of Neurology and Psychiatry, an Arizona corporation, Board of Adjustment No. I of the City of Phoenix, Burton M. Apker, Mrs. Julius Citron, Ward J. Derks, Robert A. Shepler, James P. Hussey, George Walsh and Frank Kadish, Individually and as members of Board of Adjustment No. I, and Frank Haze Burch, Appellees.**

**No. I CA–CIV 1145.**

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 18, 1973.

Review Denied Feb. 27, 1973.

Dushoff, Sacks & Corcoran by Jay Dushoff, Phoenix, for appellants.

Burch, Cracchiolo, Levie, Guyer & Weyl by Joseph L. Moore and Frank H. Burch, Phoenix, for appellees.

## SUPPLEMENTAL OPINION

JACOBSON, Chief Judge, Division One.

On September 12, 1972, this court rendered its opinion in the above case (18 Ariz.App. 121, 500 P.2d 906). Appellants timely moved for a rehearing, and the State of Arizona was granted permission

to file an *amicus curiae* brief. Appellees have responded to both the motion for rehearing and the brief of *amicus curiae*, and the court has considered all matters presented.

It is the opinion of the court that portions of our prior opinion may be misunderstood apart from the factual setting giving rise to their pronouncement, and for this reason the court wishes to clarify this pronouncement.

In our prior opinion we stated:

"We are of the opinion that under this statutory grant of judicial review power [A.R.S. § 9–465 (1967)] the superior court had authority to modify the decision of the Board in favor of a prevailing party before that Board without the necessity of a cross-petition." 500 P.2d at 914.

The State of Arizona, as *amicus curiae* and appellants argue that this language is capable of being interpreted as allowing a prevailing party before the Board of Adjustment to attack the decision of the Board with the view to either enlarging his own rights or lessening the rights of his adversary without the necessity of a cross-petition for writ of certiorari. We specifically disavow such an interpretation.

Under the particular factual setting of this case, the Board of Adjustment initially granted appellees' appeal to expand their existing non-conforming use. However, the Board of Adjustment in allowing this expansion attached numerous conditions under which appellees were to operate the expanded facilities. The appellants, by writ of certiorari to the superior court, not only attacked the granting of the expansion but also specifically requested the trial court to review and determine that the conditions attached to the expansion were erroneous.

In response to this writ, appellees affirmatively sought nothing in the trial court other than affirmance of the previous decision of the Board of Adjustment. The trial court after affirming the decision of the Board of Adjustment stated:

"The Court further finds that some clarification of the language of the stipulations [conditions] is necessary as a basis for testing possible violations in the future."

Of the "clarifications" made by the trial court of the Board of Adjustment's conditions attached to the appellees' expanded use, approximately one-half may be classified as favorable to the appellants, and three may be classified as favorable to the appellees. These three modifications were questioned by appellants on appeal.

Under this state of the record, where it does not appear that appellees affirmatively sought to enlarge their rights or diminish the rights of their adversary, the trial court possessed the power under a writ of certiorari to make the modifications complained of. *See*, Langnes v. Green, 282 U. S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931).

Upon filing of this supplemental opinion, all motions for rehearing are denied.

EUBANK, P. J., and HAIRE, J., concur.