273 So.2d 408 (1973)
The STATE of Florida, Appellant,
v.
Carlos Luis PINTO, Appellee.
No. 72-1329.
District Court of Appeal of Florida, Third District.
February 22, 1973.
*409 Robert L. Shevin, Atty. Gen., Richard E. Gerstein, State's Atty., and Milton Robbins, Asst. State's Atty., for appellant.
Phillip A. Hubbart, Public Defender, and John Lipinski, Asst. Public Defender, for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
This appeal is by the State from an order vacating a judgment and sentence and granting defendant a new trial after he had pleaded guilty to two felonies: (1) conspiracy to sell narcotics, and (2) unlawful sale of marijuana. We reverse.
The chronology and sequence of events in the proceedings before the trial court are of importance to the decision. They are therefore set forth in detail as follows:
March 29, 1972  Information is filed.
April 12, 1972  Appellee enters plea of not guilty.
May 23, 1972  Continuance granted appellee because of absence of his privately employed attorney.
May 24, 1972  Jury trial is waived, and trial is set for June 9, 1972.
June 9, 1972  Appellee tenders plea of guilty to count 2. Court rejects plea upon Assistant State Attorney's objection to the proposed sentence. Trial is set for July 8, 1972.
July 18, 1972  Appellee tenders plea of guilty to count 1, and states that he will stand moot as to counts 2 and 3. The State objects. Thereupon, appellee *410 tenders a plea of guilty to counts 1 and 2 and is interrogated by the court in the presence of his privately employed attorney. Adjudication of guilt is entered. Judgment is entered. The court imposes sentence of 18 months in the state penitentiary on each count, sentences to run concurrently.
July 26, 1972  An appearance is made by substitute private counsel. Court agrees to hold transportation to Raiford until August 3, 1972. Hearing is set for August 3, 1972 on appellee's petition for mitigation.
August 2, 1972  Appellee's motion for mitigation of sentence is filed.
August 3, 1972  Court denies mitigation of sentence.
August 9, 1972  Appellee is released to state prison.
September 13, 1972  Court appoints public defender to represent appellee. Court orders defendant returned from State prison "so he can confer with the public defender".
September 29, 1972  Hearing held before the court is continued when the court finds that there is no motion before the court.
October 11, 1972  Court proceeds with hearing on unwritten motion which is stated to be a motion for post-conviction relief. Testimony is taken of appellee and appellee's first employed private attorney. Court grants the unfiled motion, and vacates the guilty pleas, the judgment and the sentence. Court states: "I am not holding there were in fact any plea negotiations at all. That is not the basis of my ruling. I do know there was some controversy that took place at the original time which is why I did put off taking the plea in the first instance, but it is just a question, I see no harm in letting her try the case."
October 11, 1972  Motion to vacate plea of guilty pursuant to Rule 3.850 is filed. This motion alleges: "That said Petitioner's plea of guilt to counts 1 and 2 of information number 72-2679A was involuntary in that certain promises were made to him regarding the sentence he was to receive.

* * * * * *
"That such promises were made to Petitioner by his attorney only after said attorney engaged in plea negotiations by the Assistant State Attorney."
October 11, 1972  Written order is entered granting motion for relief, vacating judgment and sentence and awarding the prisoner a new trial.
November 3, 1972  Notice of appeal is filed by the State of Florida.
We think that it is apparent from this recital of events that the order vacating judgment and sentence and awarding the appellee a new trial must be reversed.[1]. The trial court had lost jurisdiction to act in the absence of a properly filed motion pursuant to Rule 3.850, CrPR, 33 F.S.A., claiming a right to be released. The rule sets out the grounds upon which post-conviction relief may be granted:
"Rule 3.850 Motion to Vacate, Set Aside or Correct Sentence; Hearing; Appeal
"A prisoner in custody under Sentence of a court established by the Laws of Florida claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the *411 State of Florida, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."
* * * * * *
After the rendition of a judgment and sentence, the trial judge loses jurisdiction of the case upon the expiration of the time allowed for a motion for new trial or the disposition of a timely filed motion for a new trial.[2] State v. Evans, Fla.App. 1969, 225 So.2d 548; see State ex rel. Huntley Bros., Inc. v. Gooding, Fla.App. 1963, 149 So.2d 55, for the comparable rule in civil cases. Therefore, the trial judge could not act upon his own motion. There was no motion by the defendant before the judge at the time of the hearing.
Even if the lack of jurisdiction were to be disregarded, the order must be reversed. A trial judge may not grant a new trial simply because it will do no harm.[3] If we were to overlook the trial judge's finding that there was no plea negotiation and therefore no basis for granting appellee's motion for that reason, and turn to the motion itself, we would find that the grounds asserted are conclusively refuted by the record. A defendant represented by his privately employed attorney may not recall and avoid a plea of "guilty" upon an assertion that the attorney did not properly represent the defendant. Williams v. State, Fla.App. 1965, 177 So.2d 736; Everett v. State, Fla.App. 1964, 161 So.2d 714. This record shows without controversy that the appellee was fully represented by a competent privately employed attorney. The court examined the defendant at the time he pleaded guilty and the defendant fully confirmed his concurrence in the guilty pleas.
Moreover, the ground presented in the defendant's motion for relief would appear to be insufficient in the absence of an allegation or showing that at the time the guilty plea was made the trial judge was aware of the alleged plea bargaining or had been a party thereto, as held by this court in Garcia v. State, Fla.App. 1969, 228 So.2d 300.
A defendant often pleads guilty after consultation and advice from his attorney. Such a decision is a tactical one and may not be whimsically revoked at a later time. Belsky v. State, Fla.App. 1970, 231 So.2d 256; Simpson v. State, Fla.App. 1964, 164 So.2d 224. Where, as here, the guilty plea was entered upon advice of counsel and where the record shows a full examination by the court and the defendant's concurrence in the plea, the record clearly refutes the defendant's later assertion that the plea was not voluntary.
The order appealed is reversed.
NOTES
[1] Although the order stated that it ". . awarded [the prisoner] a new trial", this is obviously incorrect because there was no trial. Appellee was sentenced upon the adjudication made upon his pleas of "guilty". The effect of the order was to, (1) recall the case, (2) vacate the judgment and sentence, (3) set aside the pleas of guilty, and (4) order a trial presumably on pleas of "not guilty" which would later be entered.
[2] "Rule 3.590 Time for and Method of Making Motions; Procedure; Custody Pending Hearing

"(a) A motion for new trial or in arrest of judgment, or both, may be made within four days, or such greater time as the court may allow, not to exceed fifteen days, after the rendition of the verdict or the finding of the court."
[3] The State is always harmed when it is put to the expense and loss of time incident to a proceeding that is illegal or useless. The State has an interest in the speedy and final disposition of the cases in our overcrowded criminal courts.