PER CURIAM.
We entirely approve the final judgment under review and therefore adopt it as our own:
“THIS CAUSE came on before the Court, after notice, for oral argument on the Plaintiff/Petitioner, SAVE BRICKELL AVENUE, INC.’s complaint for relief including, but not limited to, a Writ of Certio-rari and an injunction.
UPON THE RECORD, the Court finds as follows:
A. The cause came on for final oral argument in accordance with the complaint for injunctive relief including, but not limited to, a Writ of Certiorari as well as the accompanying Appendix, transcript, brief, as well as briefs in opposition to the Petition for Writ of Certiorari and Appendices thereto and reply brief with a supplemental appendix.
B. At the oral argument on February 6, 1979, in open Court, all parties stipulated as follows:
(i) The trial on all issues involving the injunctive remedy pled by the Plaintiff was deferred until notice and hearing after the Court’s ruling on the Petition for a Writ of Certiorari.
(ii) All exhibits and appendices, as well as the transcript were to be accepted by the Court in ruling in the Petition for Writ of Certiorari and there were no objections to the Court considering all matters encompassed within the items, transcript and the appendices in the Court file.
(iii) The applicable City ordinance is that ordinance numbered 6871, Article XXXI — 1, *1349 a/k/a 8057 appearing in total at Appendix pages A-5 through A-9 and commonly known as the Planned Area Development Ordinance (PAD Ordinance).
(iv) In qualifying to submit the applicable, Section 4(2) of the Planned Area Development Ordinance mandates that the application for a planned area development shall have a minimum area in the tract of land of not less than three acres. An effort is made to provide an exception so that areas of less than three acres may be submitted where the area is distinguished from the surrounding area ‘by natural or man-made barriers such as rivers, canals, or other water areas, streets, etc.’.
(v) The area that is the subject matter of the City of Miami Resolution No. 77-603 is less than three acres.
(vi) The applicable area is not distinguished by any ‘man-made barriers’ and the only possible natural barrier would be the existing vegetation.
C. The Plaintiff/Petitioner alleges that the record is devoid of any competent, substantial evidence as the applicable area (which is less than three acres) being unique from any of the other surrounding lots in the R5-a zoning area that applies along the Brickell Avenue area in the City of Miami. Accordingly, that resolution No. 77-603 which allows the construction of a second building on the property at 1809 Brickell Avenue, Miami, Florida, with 366 units (being in excess of the 288 units allowed under Zoning District R-5A zoning) was passed by departure from the essential requirements of the ordinance applicable.
D. The above argument is in addition to the other arguments presented, which the Court has carefully considered.
E. The Planned Area Development Ordinance No. 8057 is intended to encourage the assembly of land into larger parcels in order to achieve a better urban environment. In the instant case, the first building on the parcel (which is less than three acres) was built in approximately 1965 and the application that is the subject matter of this litigation is for an additional building to be constructed approximately thirteen years later on the same parcel of land.
F.Section 4(2) provides, among other things, as follows:
‘ . .To qualify for a Planned Area Development application, a tract of land shall possess not less than three (3) acres.’
Notwithstanding this mandatory (‘shall’) requirement for qualification to make an application, this section continues with a contradictory alternative by providing as follows:
‘Applications for areas of less than three (3) acres may be submitted for approval, where the area is distinguished from the surrounding area by natural or man-made barriers, such as rivers, canals, other water areas, streets, etc.’
Only then does the next sentence of Section 4(2) come into consideration, and reads:
‘The approval of an application for an area less than three (3) acres shall be based on the area’s uniqueness and suitability for a Planned Area Development by virtue of its historical character, topography, ecological, natural or other unusual features.’
IT IS THEREUPON ORDERED and ADJUDGED as follows:
1. The Court has jurisdiction of the subject matter and the parties hereto.
2. The stipulations and findings above are adopted herein and made a part of this order and judgment.
3. That the mandatory requirement to qualify for a Planned Area Development application as contained in Ordinance 8057 (shall possess not less than three acres) excludes alternatives for applications pertaining to areas of less than three (3) acres.
4. That were it lawful to consider applications pertaining to less than three (3) acres, there is no competent substantial evidence in this record to support a finding that the parcel at 1809 Brickell Avenue, Miami, Florida, is distinguished from the surrounding area by natural or man-made barriers as required by Section 4(2) of the Planned Area Development Ordinance, vegetation being the sole existing barrier *1350 claimed by Respondents. This criteria or claimed ‘barrier’ is insufficient under the doctrine of ‘ejusdem generis’ (i. e. of the same kind).
5. That Resolution No. 77-603 is a departure from the essential requirements of the Planned Area Development Ordinance (law) and that the application was for a parcel less than three acres and not distinguished by natural or man-made barriers. Therefore, the City of Miami acted in excess of its jurisdiction and should not have accepted the application or approved the application. The Resolution must be and is hereby declared to be null and void and of no force and effect.
6. Having found that Resolution No. 77-603 was passed and adopted without authority and in departure from the essential requirements of the Ordinance, the Petition for a Writ of Certiorari be and it is hereby granted and Resolution No. 77-603 be and it is hereby quashed.”
Affirmed.