385 So.2d 129 (1980)
Arturo CHABAU et al., Appellants,
v.
DADE COUNTY and Key Biscayne Property Taxpayer's Association, Inc., Appellees.
No. 80-761.
District Court of Appeal of Florida, Third District.
June 17, 1980.
Rehearing Denied July 21, 1980.
John G. Fletcher, Coral Gables, for appellants.
Robert A. Ginsburg, County Atty. and Stanley B. Price, Asst. County Atty., Mann & Dady and Stanley J. Mann, Miami, for appellees.
Before HENDRY, NESBITT and BASKIN, JJ.
*130 PER CURIAM.
Appellants Chabau and others want to erect an apartment building on Key Biscayne; some 800 Key property owners disapprove of their planned construction. The corporate appellee (hereinafter "association") professes its authority to represent the individual property owners in their opposition to appellants' request for zoning variances. The association appealed to the Dade County Board of County Commissioners from the Zoning Appeals Board's decision approving the variances. After the association's appeal was made, but before a decision was rendered by the Commissioners, appellants sought a writ of prohibition in the circuit court. Their petition was denied, and appeal to this court was taken from the denial. The petition and appeal challenge the subject-matter jurisdiction of the Board of County Commissioners, which ultimately overruled the Zoning Appeal Board's decision: According to appellants, the Board of County Commissioners was without authority to overturn the decision of the lower administrative tribunal, because the association lacked standing to appeal to that Board. We agree that the association was without standing to appear before the Board of County Commissioners, and reverse the ruling of the circuit court.
We are referred by both parties to § 33-313, Dade County Code (1979):
Any appealable decision of the zoning appeals board may be appealed by an applicant, governing body of any municipality, if affected, or any aggrieved party whose name appears in the record of the zoning appeals board... .
Thus, if the association were not an "aggrieved party", it could not properly appeal to the Board of County Commissioners, that Board could not review the decision of the Zoning Appeals Board, and any decision of the Commissioners would be void ab initio.
It is clear that a representative association, such as appellee, could not sue in state courts; it would have no standing, unless it, rather than its members, had suffered some special injury. United States Steel Corp. v. Save Sand Key, Inc., 303 So.2d 9 (Fla. 1974); Hemisphere Equity Realty Corp. v. Key Biscayne Property Taxpayer's Association, Inc., 369 So.2d 996 (Fla.3d DCA 1979). The association urges, however, that if it is not "aggrieved" sufficiently to have state court standing, it nevertheless is aggrieved for purposes of review by the Board of County Commissioners.
Although the appellees have referred us to two foreign decisions in which the requirement of aggrievement was lowered to facilitate administrative appeal by representative groups, we are not disposed to embrace their holdings. Contra our decision, Douglaston Civic Association, Inc. v. Galvin, 36 N.Y.2d 1, 324 N.E.2d 317, 364 N.Y.S.2d 830 (1974); East Camelback Homeowners Association v. Arizona Foundation for Neurology and Psychiatry, 19 Ariz. App. 118, 505 P.2d 286 (1973).
If Dade County wishes to liberalize access to its local tribunals, it may undertake to do so.
We have considered the other arguments of appellees, and find them to be similarly without merit. Therefore we have concluded that the circuit court erred in denying the writ of prohibition.
For the reasons stated the order appealed is reversed.
Reversed.