390 So.2d 784 (1980)
F & R BUILDERS, INC., Petitioner,
v.
The Honorable N. Joseph DURANT, Jr., Circuit Judge 11TH Judicial Circuit in and for Dade County, Respondent.
No. 80-1588.
District Court of Appeal of Florida, Third District.
November 25, 1980.
*785 Greenberg, Traurig, Hoffman, Lipoff, Quentel & Wolff and Anthony J. O'Donnell, Jr., Miami, for petitioner.
John H. Lipinski, Miami, for respondent.
Before SCHWARTZ, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
In this original proceeding, petitioner, F & R Builders, Inc. (F & R) seeks a writ of prohibition to prevent the Appellate Division of the Circuit Court of the Eleventh Judicial Circuit from entertaining further jurisdiction in a proceeding for common law certiorari (Case No. 80-073-AP) in which Cheryl Brown is the petitioner and Metropolitan Dade County and F & R are respondents.
F & R requested the Zoning Appeals Board to grant a special exception to permit residential property to be served by private drives. The Zoning Appeals Board sent Ms. Brown as well as other property owners in the area a courtesy notice informing them of the application and hearing date. Ms. Brown did not appear before the Zoning Appeals Board which ultimately approved the request. She then timely appealed that order to the Board of County Commissioners pursuant to Section 33-313, Metropolitan Dade County Code. After review of Ms. Brown's appeal, the Board of County Commissioners unanimously adopted the action taken by the Zoning Appeals Board. Ms. Brown then timely commenced the pending petition for a writ of certiorari (Case No. 80-073-AP) in the Circuit Court. F & R in turn filed a motion to dismiss the petition on the grounds that the Circuit Court had no jurisdiction because Ms. Brown: (1) did not have standing to bring the suit; and (2) had not exhausted her administrative remedies as evidenced by her failure to object to the original application at the time it was pending before the Zoning Appeals Board.
We first consider the preemptive question of whether Ms. Brown had standing in the lower tribunal and in the underlying proceedings before the Board of County Commissioners and the Zoning Appeals Board.
The Appellate Division of the Eleventh Judicial Circuit denied the motion to dismiss, evidently relying upon our decision in Dade County v. Jim's Northwest, Inc., 171 So.2d 612 (Fla.3d DCA 1965). That decision is readily distinguishable because there the record from the Zoning Appeals Board involved the request to enlarge the use of a permittee's premises from that of a bar to a nightclub and mandatorily required that churches and schools within a certain distance of the permittee's business be included on a required sketch which was an exhibit placed in the record. It was for that reason that the church's name was part of the record which this court held gave it sufficient standing to pursue the appeal.
The courtesy notice given to Ms. Brown did not afford her standing. We consider the decision in Dade County v. Jim's Northwest, Inc., supra, inapplicable because, under the facts of this case, the definition of "record" is established by the Board of County Commissioners pursuant to Section 33-302(k) of the Metropolitan Dade County Code[1] and that section did not make a *786 courtesy notice to Ms. Brown part of the record. The fact that her name may have appeared on papers transmitted by the Zoning Appeals Board to the Board of County Commissioners did not enlarge upon her rights as defined by Section 33-302(k), supra.
The notice to Ms. Brown was, at most, a courtesy extended to her but as it was not properly part of the record she had no standing as an "aggrieved party" as that term is defined under our decision of Chabau v. Dade County, 385 So.2d 129 (Fla.3d DCA 1980). The Board of County Commissioners may extend appellate remedies by enlarging upon the definition of the term "an aggrieved party." Likewise, the Board of County Commissioners may grant standing by enlarging upon the present definition of "record on appeal." However, until it does so, the courts cannot extend rights to parties such as Ms. Brown to the detriment of other litigants such as the petitioner.
It is settled that the Board of County Commissioners is confined to the record of the proceedings before the Zoning Appeals Board. Dade County v. Marca, S.A., 326 So.2d 183 (Fla. 1976); Sun Ray Homes, Inc. v. County of Dade, 166 So.2d 827 (Fla.3d DCA 1964). Consequently, it is plain that Ms. Brown had no standing to perfect the instant petition for certiorari.
This disposition of the question of standing makes it unnecessary for us to pass upon the petitioner's alternative contention that Ms. Brown failed to exhaust her administrative remedies before the Zoning Appeals Board as it is clear that her attempt to have done so would have been irrelevant absent standing.
For the foregoing reasons, petitioner is awarded a writ of prohibition. We assume it will not be necessary for us to issue a formal writ.
NOTES
[1] § 33-302(k):

Record. The word "record" when pertaining to the record of any board shall mean and include any application, exhibits, appeal papers, written objections, waivers or consents, considered by such board, transcript or stenographic notes taken for the department at a public hearing held before such board, if any, the board's minutes and resolution showing its decision or action, and if the record of a lower board is transmitted to a higher board, the record of the higher board shall include that of the lower board. The word "record" shall also include any and all applicable portions of Chapter 33 of the Code of Metropolitan Dade County, Florida, the report and recommendations of the planning director, building and zoning director and the developmental impact committee; the comprehensive development master plan for Metropolitan Dade County, Florida; and Ordinance No. 75-22, or as amended, or applicable neighborhood or area studies or plans approved by action of the board of county commissioners, as well as applicable district boundary maps, aerial photographs and final zoning resolutions. It shall also include the record made as a result of any previous zoning application on the same property. The clerk of the county commission shall identify all exhibits used or referred to at the zoning hearing. All exhibits so identified or introduced shall be a part of the record. The record shall not include economic reports or studies, real estate appraisals or reports, and/or written reports of zoning consultants not filed in accordance with the provisions of section 33-315 of the Code.