393 So.2d 1197 (1981)
Margarita Colon VALERO, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-1478.
District Court of Appeal of Florida, Third District.
February 17, 1981.
Gino P. Negretti, Miami, for appellant.
Jim Smith, Atty. Gen. and James H. Greason, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
The appellant's request for oral argument, made not in accordance with Florida Rule of Appellate Procedure 9.320, is denied. Cf. Quince v. State, 91 So.2d 632 (Fla. 1957); Haines v. State, 113 So.2d 601 (Fla. 2d DCA 1959) (denying requests for oral argument not made in a separate document, but incorporated in the brief, under former Florida Supreme Court Rule 40 and Florida Appellate Rule 3.10(a), respectively). After independently examining the briefs and record herein, we have determined that oral argument would serve no useful purpose, see, e.g., Williams v. State, 177 So.2d 736 (Fla. 1st DCA 1965), and, in the exercise of our discretion, decline to require it. See Fla.R.App.P. 9.320.
The judgments of convictions are affirmed. The evidence is more than sufficient to support the convictions. The constitutionality of Section 775.082, Florida Statutes (1979), in the face of the exact contention made by Valero here, namely, that it imposes cruel and unusual punishment, is well settled. McArthur v. State, 351 So.2d 972 (Fla. 1977); Banks v. State, 342 So.2d 469 (Fla. 1976); O'Donnell v. State, 326 So.2d 4 (Fla. 1975). Valero's claim that her trial counsel was ineffective cannot properly be raised for the first time on direct appeal and is a matter to be presented to the trial court under Florida Rule of Criminal Procedure 3.850. State v. Barber, 301 So.2d 7 (Fla. 1974); Jones v. State, 384 So.2d 736 (Fla. 4th DCA 1980); Randall v. State, 346 So.2d 1233 (Fla. 3d DCA 1977).
Affirmed.