393 So.2d 1197 (1981)
SAVE BRICKELL AVENUE, INC., a Corporation Not for Profit under the Laws of the State of Florida, Etc., et al., Petitioners,
v.
The CITY OF MIAMI, Florida, a Municipal Corporation, Etc., et al., Respondents.
No. 80-2046.
District Court of Appeal of Florida, Third District.
February 17, 1981.
*1198 Williams, Salomon, Kanner, Damian, Weissler & Brooks and Gary S. Brooks, Miami, for petitioners.
Robert Clark, Acting City Atty. and Terry V. Percy, Asst. City Atty., Dubbin, Schiff, Berkman & Dubbin and Andrew H. Moriber, Miami, for respondents.
Before HUBBART, C.J., and SCHWARTZ and BASKIN, JJ.
SCHWARTZ, Judge.
The appellate division of the circuit court dismissed, for lack of standing, an appeal taken by the Save Brickell Avenue, Inc. from a city of Miami zoning resolution affecting property at 1581-1597 Brickell Avenue. We disagree with that ruling.[1] As a corporation purportedly devoted to safeguarding the zoning of the area, Save Brickell Avenue is an "affected ... citizen" which has standing to attack the enactment in question on the ground, which was asserted below, that it is void or invalid because the "required notice was not given." Renard v. Dade County, 261 So.2d 832, 838 (Fla. 1972); see, Florida Wildlife Federation v. State Department of Environmental Regulation, 390 So.2d 64, 68 (Fla. 1980) (nonprofit corporation is "citizen" for standing purposes.)[2]Upper Keys Citizens Association, Inc. v. Wedel, 341 So.2d 1062 (Fla.3d DCA 1977) is precisely on point and requires this conclusion. See also, United Teachers of Dade v. Save Brickell Avenue, Inc., 378 So.2d 1348 (Fla. 3d DCA 1980); City of Miami v. Save Brickell Avenue, Inc., 359 So.2d 1228 (Fla. 3d DCA 1978) (table; per curiam opinion).[3] For these reasons, the order under review is quashed and the cause remanded for further proceedings consistent herewith.[4]
Certiorari granted.
NOTES
[1] We have treated the appeal filed in this court as a petition for certiorari because the proceeding in the circuit court was itself an appeal. Fla.R.App.P. 9.030(b)(2)(B). Compare, Allapattah Community Ass'n., Inc. v. City of Miami, 379 So.2d 387 (Fla. 3d DCA 1980), cert. denied, 386 So.2d 635 (Fla. 1980); United Teachers of Dade v. Save Brickell Avenue, Inc., 378 So.2d 296 (Fla. 3d DCA 1979), holding that an appeal lies from a circuit court zoning decision disposing of a certiorari petition below.
[2] This holding is confined to the petitioner's standing to raise this contention. It plainly has no ability to make any other claim to the effect that the resolution is an "unreasonable exercise of legislative power." Renard v. Dade County, supra, 261 So.2d at 838; Hemisphere Equity Realty Co., Inc. v. Key Biscayne Property Taxpayers Ass'n., 369 So.2d 996, 1001 (Fla. 3d DCA 1979).
[3] Chabau v. Dade County, 385 So.2d 129 (Fla. 3d DCA 1980) and F & R Builders, Inc. v. Durant, 390 So.2d 784 (Fla. 3d DCA 1980), cited by the respondents, deal only with the ability to appeal zoning decisions to the County Commission, as provided by the Dade County code. They do not concern the present issue of the right of access to the courts  a question which is governed by decisional law  and thus do not control here. Moreover, neither case, unlike this one, involves a contention that the zoning enactment in issue is entirely void. See note 2, supra.
[4] We express no opinion on the merits of Save Brickell's position concerning the notice issue nor on the respondent's contention that Save Brickell has waived the right to assert it.