PER CURIAM.
Appellant, a citizen’s group interested in preserving the quality of life in the Florida Keys and Monroe County, challenges a final judgment of the Monroe County Circuit Court upholding a decision of the Monroe County Zoning Board (Zoning Board) and the Monroe County Board of County Commissioners (Commission) which approved an application for a zoning change on a parcel of property in Key Largo.
Appellee John R. Edwards, Sr. applied to rezone twelve acres from RU — 4, Townhouse Residential District, to RU — 7, Residential Tourist District, which provides for hotel, motel or tourist accommodations and certain accessory uses. Public hearings were held and the appellant, along with A. Marie Sherr, an adjacent property owner, and Robert Strong, who had contracted to purchase a condominium unit in Buttonwood Bay which adjoined the Edwards property, objected to the zoning change.
At the first hearing on March 28, 1979, the Zoning Board voted three to one to approve Edwards’ rezoning application and a preliminary development plan for a hotel and related facilities. The development was given final approval in October, 1979 by a four to one vote of the Zoning Board. This action was appealed to the Commission which denied the appeal. In April, 1980, appellant and Robert Strong, plaintiffs below, filed a complaint in circuit court to set aside the actions of the Zoning Board and the Commission. At a non-jury trial, appellant and Strong contended that twenty percent of the adjoining property holders to the Edwards parcel opposed the zoning amendment and as a consequence, the Zoning Board could only pass the rezoning by a four to one vote, whereas the actual vote was three to one. The plaintiffs reasoned that at the time of the hearings, there were only two title holders of adjacent property, Mrs. Sherr to the east, and Buttonwood Bay Associates, the condominium developer, to the west. Since one of the two adjacent property holders, Mrs. Sherr, objected to the rezoning, the four-fifths vote was mandated. Appellees, on the other hand, contended that twenty percent of the property holders did not oppose the amendment and a four-fifths vote was not required on the basis that the seventeen holders of binding contracts to purchase condominium units in Buttonwood Bay were adjoining property holders for purposes of the twenty percent rule.
The trial judge found merit in the appel-lees’ contentions and entered a final judgment for the Commission and John R. Edwards, Sr., the following provisions of which are germane to this appeal:
“1. Plaintiff, ROBERT G. STRONG, has standing to bring this action because he is an adjoining property holder whose interest in the subject matter of this action differs in kind from the general public. Because of the proximity of his condominium unit to the subject (EDWARDS) property, he is directly interested in the rezoning and the Major Development actions challenged herein. How *1053 ever, the plaintiff UPPER KEYS CITIZENS ASSOCIATION, INC. and the other individual Plaintiffs have failed to demonstrate that they have a special interest in the subject matter of this action, and therefore are not ‘aggrieved parties’ within the meaning of the Monroe County Zoning Ordinance. The Court finds that the Plaintiffs, other than ROBERT G. STRONG, lack standing to challenge the actions of the Zoning Board and Board of County Commissioners, except insofar as those actions are alleged to be illegal.
2. Plaintiffs failed to establish before the Zoning Board at its March 28, 1979 meeting, that twenty percent (20%) of the ‘adjoining property holders’ (Chapter 65-1942, Laws of Florida) opposed the proposed re-zoning. Moreover, the original appeal from the March 28, 1979 rezoning resolution failed to specify as a ground for appeal, the alleged violation of Chapter 65-1942, as required by Article V, Section 4.2 of the Zoning Ordinance. Nor did the Plaintiffs prove before this Court that 20% of the adjacent property holders as of the March 28, 1979 action, registered their opposition to rezoning. The Court finds that the property of Lamar Louise Curry, one of the alleged adjacent holders, is separated from the subject parcel by Highway U. S. 1, and cannot be considered ‘adjoining property’. The property abutting the subject parcel to the West was, according to the testimony of George DeCarion, under contract to a large number of persons who subsequently took title to the condominium units in the two multi-story buildings immediately adjoining the subject parcel. The Court has personally viewed this ‘Buttonwood Bay’ condominium site, and is of the opinion that the ‘W’ and ‘X’ buildings, separated from the subject parcel by only a commonly-held private road, are properly considered ‘adjoining properties’. The other ‘Buttonwood Bay’ buildings are too distant and separated by canals from the subject property to be considered ‘adjoining’. The several holders of binding contracts to purchase ‘W’ and ‘X’ condominium units should not be excluded from the group of ‘adjoining property holders’ whose opposition could trigger the special majority requirement of Chapter 65-1942. Plaintiffs proved only that Mrs. Sherr, who owned the adjoining parcel to the East, and Mr. Strong, one of two joint holders of an adjoining condominium unit, timely opposed the rezoning. Accordingly, Plaintiffs have failed to establish that 20% of the adjoining property holders voiced their opposition to the proposed re-zoning at or prior to the March 28, 1979 hearing. Moreover, of the adjoining property holders, only Mr. Strong is before this Court. Mrs. Sherr did not join in this appeal, and the Court questions the standing of these Plaintiffs to press her objection before the Court, when she did not see fit to join in this action.”
Appellant[1] now seeks review of this judgment.
Although appellee Monroe County has belatedly challenged appellant’s standing to attack the actions of the Zoning Board and Commission on the grounds that appellant is not an “aggrieved party,” Chabau v. Dade County, 385 So.2d 129 (Fla. 3d DCA 1980), and has not alleged any special injury differing in kind from that suffered by the public generally, see United States Steel Corp. v. Save Sand Key, Inc,, 303 So.2d 9 (Fla.1974); Hemisphere Equity Realty Co., Inc. v. Key Biscayne Property Taxpayers Ass’n, 369 So.2d 996 (Fla. 3d DCA 1979), we are satisfied that the trial court properly determined that appellant "has standing to challenge the actions of the Zoning Board and Commission to the extent that the zoning amendment was illegally enacted or that the proceedings were irregular. See Save Brickell Avenue, Inc. v. City of Miami, 393 So.2d 1197 (Fla. 3d DCA 1981); Upper Keys Citizens Association, Inc. v. Wedel, 341 So.2d 1062 (Fla. 3d DCA 1977).
*1054 Having determined that appellant has standing for the limited purpose of testing the validity of the enactment itself, we address only those issues raised which deal with the legality vel non of the Zoning Board’s actions.[2]
Both sides have agreed that the dispute herein centers on Chapter 65-1942, Section 1, Laws of Florida, which provides that the Zoning Board of Monroe County or the Board of County Commissioners shall not grant an amendment to an existing zoning plan where the change in zoning is opposed by twenty percent or more of the adjoining property holders, except by a favorable vote of four-fifths of the Board.
Accordingly, the dispute boils down to how many adjoining property holders there are and what percentage of them opposed the rezoning of the Edwards property.
Based upon our review of the record, briefs and arguments of counsel in this case, we find that the trial court properly characterized the seventeen holders of binding contracts to purchase condominium units in the Buttonwood Bay buildings as adjacent property holders. See Hull v. Maryland Casualty Company, 79 So.2d 517 (Fla.1954); J. C. Penney Company, Inc. v. Koff, 345 So.2d 732 (Fla. 4th DCA 1977) (under doctrine of equitable conversion, where vendor and purchaser enter agreement for conveyance of title to realty, purchaser immediately becomes beneficial owner and vendor retains only naked legal title as security for payment of purchase price.) As the persons most affected by any subsequent zoning changes, the individual unit purchasers, rather than the developers, are the ones who should receive the protection afforded by the twenty percent rule since developers simply convey the units, receive the profits, and do not ordinarily reside in the condominium. See generally Hope v. City of Gainesville, 355 So.2d 1172 (Fla.1977). Inasmuch as only one of the seventeen unit owners, Robert Strong, along with Mrs. Sherr, opposed the rezoning, we hold that appellant failed to establish the requisite twenty or more percent necessitating a four to one vote by the Board.
Our conclusion that appellant failed to establish a twenty percent opposition to the rezoning renders unnecessary resolution of appellant’s remaining issue, that the trial court erred in finding that the rezoning was not finally granted until the October 26, 1979 hearing by a four to one majority of the Zoning Board.
Finding no reversible error has been demonstrated, we affirm the final judgment under review.

. Plaintiff Strong has not joined in this appeal.

. Consequently, we do not address the merits of appellant’s suit which alleges that the rezoning violated the Monroe County Land Use Plan.