456 So.2d 489 (1984)
WINDLEY KEY, LTD., Petitioner,
v.
The STATE of Florida, DEPARTMENT OF COMMUNITY AFFAIRS, Respondent.
No. 83-1299.
District Court of Appeal of Florida, Third District.
June 26, 1984.
Rehearing Denied October 9, 1984.
Roger A. Bridges, Coral Gables, Sams, Gerstein, Ward, Newman & Beckham, Miami, for petitioner.
C. Laurence Keesey, Tallahassee, for respondent.
Before BARKDULL, NESBITT and FERGUSON, JJ.
NESBITT, Judge.
Windley Key, Ltd. petitions for review from an order of the Florida Land and Water Adjudicatory Commission (FLAWAC) which rejected a hearing officer's recommendation to dismiss a petition of the Department of Community Affairs (the Department). We reverse.
The facts leading up to the present controversy are somewhat involved. Windley Key, Ltd. owns land in Monroe County and filed a request with the zoning board there for approval of a major development project. The zoning board gave its final approval to Windley Key's development plan on January 29, 1982. This order was forwarded to the Department on February 8, 1982.
The Izaak Walton League of America (IWLA), an environmental organization, timely filed an appeal of the zoning board's order to the Monroe County Commission. The Circuit Court of Monroe County, however, pursuant to a petition filed by Windley Key, issued a writ of prohibition against the Commission, precluding its consideration of the appeal. The writ was based in part on a finding that IWLA did not have standing to appeal to the County Commission. The circuit court's decision *490 was recently upheld by this court. Izaak Walton League of America v. Monroe County and Windley Key, Ltd., 448 So.2d 1170 (Fla. 3d DCA 1984).
In the meantime, the Department, on or about November 15, 1982, filed a petition with FLAWAC, pursuant to section 380.07(2), Florida Statutes (1981), appealing the zoning board's order of January 29, 1982. Subsequently, Windley Key filed a motion to dismiss this petition and appeal. Following a hearing on the motion, the hearing officer recommended that the Department's petition be dismissed on the ground that it was untimely filed. FLAWAC, however, rejected the recommendation of the hearing officer and refused to dismiss the Department's petition. It is from this order that Windley Key appeals.
In its simplest form, the issue presented is whether the Department's petition of November 15, 1982 appealing the January 29, 1982 decision of the zoning board was timely filed. The applicable statute in pertinent part provides that "[w]ithin 45 days after the order is rendered, ... the state land planning agency may appeal the order to [FLAWAC] by filing a notice of appeal with the commission." § 380.07(2), Fla. Stat. (1981). The Department, as the state land planning agency, therefore, could appeal the zoning board's approval of Windley Key's development project by filing a notice of appeal with FLAWAC within 45 days after the rendering of the zoning board's order.
Our first consideration is to determine when the zoning board's order was "rendered." Although the order was adopted on January 29, 1982, it was not forwarded to the Department until February 8, 1982. Our sister court, in an earlier interpretation of this statute, held that rendition means "issuance and transmittal of the development order." Fox v. South Florida Regional Planning Council, 327 So.2d 56, 58 (Fla. 1st DCA 1976). Adopting this interpretation, the zoning board's order in the present case was rendered on February 8, 1982. Under the present statute, therefore, the Department was required to file notice of appeal with FLAWAC by March 25, 1982, forty-five days after the rendition of the order. The Department, however, did not file its petition to appeal the zoning board's order with FLAWAC until on or about November 15, 1982. This filing was clearly untimely.
The Department argues, however, that its time to appeal was extended by IWLA's timely appeal of the zoning board's order to the County Commission. We disagree. As noted above, we recently affirmed the circuit court's finding that IWLA did not have standing to appeal the order to the County Commission. Izaak Walton League of America v. Monroe County and Windley Key. Under the authority of Chabau v. Dade County, 385 So.2d 129 (Fla. 3d DCA 1980), therefore, IWLA's purported appeal was void ab initio. As such, it cannot be used by the Department in an attempt to extend its time to appeal the zoning board's order.
For the reasons set out above, we reverse with direction that the Florida Land and Water Adjudicatory Commission enter its order dismissing the Department of Community Affairs' petition which appealed the zoning board's approval of Windley Key's development project.

ON MOTION FOR REHEARING
PER CURIAM.
Upon consideration after rehearing, we adhere to the opinion and decision of June 26, 1984.
FERGUSON, Judge (dissenting).
Appellee complains by motion for rehearing, rightfully, that we have not directly decided the critical question in the case: whether the state land planning agency is obligated to take its appeal to the Florida Land and Water Adjudicatory Commission pursuant to Section 380.07, Florida Statutes (1983) from a zoning board approval order rather than await a final local government development order, in order to avoid being barred by expiration of the *491 forty-five day rule where the appeal by a citizens' group of the zoning board order to the county commission is found void for lack of standing. By implication, however, we have answered the question in the affirmative.
I respectfully disagree because the result is both unfair and unnecessary as a matter of law. Where an appeal is commenced timely by any person[1] colorably aggrieved by a zoning board action, the time in which the state agency must take its appeal should not begin to run until the local government has determined the appeal on the merits, or the appeal is aborted, as here, by a determination that the appellant lacks standing. Such a rule would eliminate the need for the state agency to intrude into or interrupt the local decision making and appeal process, and would also be consistent with the letter and spirit of Section 380.021 which provides:
[S]tate land and water management policies should, to the maximum possible extent, be implemented by local governments through existing processes for the guidance of growth and development; ... .
Izaak Walton League of America v. Monroe County, 448 So.2d 1170 (Fla. 3d DCA 1984) and Chabau v. Dade County, 385 So.2d 129 (Fla. 3d DCA 1980) do not dictate a contrary result.
The newly enacted Land and Water Management Act, Chapter 380, has proved to be a procedural morass. See Friends of the Everglades, Inc. v. Board of County Commissioners of Monroe County, Florida, 456 So.2d 904 (Fla. 1st DCA). Our decisions, which hopefully will clarify the statute's ambiguities, should, wherever possible, shun mechanical applications in favor of interpretations which carry out overall legislative intent.
NOTES
[1] "Person" is defined in Section 380.031(14), Florida Statutes (1983) as "an individual, corporation, governmental agency, business trust, estate, trust, partnership, association ... or any other legal entity."