HENDRY, Judge.
The panel opinion issued in this cause on January 22, 1985 is withdrawn and the following opinion is substituted therefor.
Petitioners Florida East Coast Railway Company (FEC) and Metropolitan Dade County filed a petition for a writ of prohibition with this court seeking to prohibit respondents Florida Land and Water Adjudicatory Commission (FLAWAC) and Florida Division of Administrative Hearings (DOAH) from exercising jurisdiction in the administrative appeal of In Re: FEC Park of Industry and Commerce because the notice of appeal was not filed within 45 days after the rendition of the development order. We grant the writ of prohibition and quash the order of FLAW AC which rejected the Hearing Officer’s recommended order and remanded this cause to DOAH for further hearings on the merits of the issue before it.
The threshold issue is whether the petition of the Department of Community Affairs (DCA) appealing a development order by the Dade County Board of Commissioners which approved FEC’s plans for an industrial park was timely filed. An unsigned, uncertified copy of the development *1362 order[1] was sent to the DCA on July 8,1983 and was received by it on July 11, 1983. Thereafter, DCA requested a certified copy which included all exhibits. This was received by DCA on August 1, 1983. On September 12, 1983, DCA filed a notice of appeal with FLAWAC objecting to various portions of the development order. Petitioners argue that DCA’s appeal was not timely filed and, as a result, FLAWAC has no jurisdiction to hear the appeal. FLA-WAC responds by stating that it simply allowed the time for filing an appeal to commence on the day that the properly rendered development order was received by the DCA.
The relevant statute states in pertinent part that “[wjithin 45 days after the order is rendered ... the state land planning agency may appeal the order to [FLA-WAC] by filing a notice of appeal with the commission.” Section 380.07(2), Florida Statutes (1983). This court has adopted the position of the First District Court of Appeal in Fox v. South Florida Regional Planning Council, 327 So.2d 56 (Fla. 1st DCA 1976), in holding that an order is “rendered” for purposes of the time for filing a notice of appeal when the development order is “issued and transmitted.” Windley Key, Ltd. v. State of Florida, Department of Community Affairs, 456 So.2d 489 (Fla. 3d DCA 1984). We extend the Fox decision to the limited extent that we now hold that an order is “rendered” for purposes of the time for filing a notice of appeal when a signed development order is issued and transmitted. Under this formulation, the time for the DCA to file a notice of appeal began to run on July 11, 1983 (when the original order was signed), and ended 45 days thereafter. Thus, the DCA’s notice of appeal filed on September 12, 1983 was clearly outside the applicable limitations period. As a result, FLAWAC has no jurisdiction to entertain the appeal and we therefore quash its order directing DOAH to hear the appeal on its merits.
Our decision answers in part FLAWAC’s complaint that the holding in Fox forces it to accept unsigned, uncertified, incomplete development orders because there is simply not enough time to require that such development orders be redone and to do the necessary research to determine whether the orders should be appealed. All future development orders must now be signed. Further statutory solutions are available to FLAWAC. Under section 380.07(2), the state land planning agency (DCA) is authorized to prescribe by rule those orders required to be transmitted by the local government authority issuing the development order. Respondents may utilize the provisions of section 120.54, Florida Statutes, to require that future development orders be transmitted to the DCA in a complete and certified form.
Accordingly, we grant the petition for writ of prohibition and quash the order under review.

. Mr. Chester Czebrinski, Assistant Director and legal counsel of the Dade County Building and Zoning Department since 1946, testified as to the procedure followed by his office in these matters. Mr. Czebrinski attends and takes notes at all meetings of the County Commission when it sits as the Zoning Board. After the meeting he dictates any resolutions as they were adopted by the Board. Two originals of each resolution are sent to the Clerk of the Board of County Commissioners who signs and certifies both originals and returns one to Mr. Czebrinski. This certified resolution is placed in the official resolutions file in the Building and Zoning Department. At the time Mr. Czebrinski sends the originals to the clerk for certification, he also sends unsigned, uncertified copies of the resolutions, with a cover letter, to relevant county departments, applicants and attorneys of record. When the resolution contains an order for development of regional impact (a development order), copies are sent to the DCA and to the South Florida Regional Planning Council as well.