*96 ON MOTION FOR REHEARING
UPCHURCH, Judge.
In its motion for rehearing, appellant states that it requested oral argument at the time of service of its initial brief. The matter was decided without oral argument and without an order being entered denying oral argument. We note that counsel for appellant simply requested oral argument following the conclusion of the brief. He did not comply with Florida Rule of Appellate Procedure 9.320 which states: “A request for oral argument shall be a separate document_” (emphasis added).
While our failure to grant the request for oral argument may seem arbitrary to counsel, it is not, as an explanation of our procedure demonstrates. The ministerial acts of filing and docketing briefs, motions and other documents are handled by clerical personnel whose interest in the progress of a case is generally limited to seeing that the briefs and motions are properly filed and docketed. While often they do find a request for oral argument contained in a brief and place the case on the oral argument docket, that is probably the exception rather than the rule. As stated in Haines v. State, 113 So.2d 601 (Fla.2d DCA 1959):
To require a clerk to search a brief or a bound record to ascertain whether an application for oral argument had been made would impose upon him and his staff an unnecessarily burdensome duty.
113 So.2d at 602. See also Quince v. State, 91 So.2d 632 (Fla.1956).
In contrast, if a request for oral argument is made by separate document as required by rule 9.320, it is independently docketed, and, except in the very rare instance where oral argument is dispensed with by order of the court, the case is placed upon the oral argument calendar. If oral argument is not requested or, as in this situation, improperly requested and therefore overlooked, the case is handled by assignment to a panel of judges for . conference without oral argument.
REHEARING DENIED.
DAUKSCH and SHARP, JJ., concur.