PER CURIAM.
Richard Peacock appeals an order denying his petition for a writ of prohibition. We reverse.
Appellant received a waiver of on-site parking requirements for his Coconut Grove property from the City of Miami [City] Acting Zoning Administrator. The Coconut Grove Civic Club [Club] appealed the waiver to the City’s Zoning Board [Board]. Peacock filed a petition for writ of prohibition in circuit court against the City seeking to prohibit the City from entertaining the Club’s appeal. Peacock argued that the Board lacked jurisdiction to hear the appeal because the Club lacked standing to challenge the Board’s waiver. The Club filed a motion to intervene in the action; the court granted the motion. The court denied the petition for writ of prohibition finding that appellant had not exhausted his administrative remedies.
“It is clear that a representative association, such as appellee, could not sue in state courts; it would have no standing, unless it, rather than its members, had suffered some special injury.” Chabau v. Dade County, 385 So.2d 129, 130 (Fla. 3d DCA 1980). The Club in this case, a representative association, lacks standing to challenge the Board’s decision bn any ground other than procedural irregularity. Miami Beach Homeowners Ass’n, Inc. v. City of Miami Beach, 579 So.2d 920 (Fla. 3d DCA 1991); Save Brickell Ave., Inc. v. City of Miami, 395 So.2d 246 (Fla. 3d DCA 1981); Save Brickell Ave., Inc. v. City of Miami 393 So.2d 1197 (Fla. 3d DCA 1981). Because the Club makes no allegations of any procedural irregularity, the trial court erred in concluding that the Club could resort to administrative remedies. *292 Chabau. See Mandico v. Taos Constr., Inc., 605 So.2d 850 (Fla.1992). The trial court erred in denying the petition for writ of prohibition.
For the reasons stated above, we reverse the order on appeal and remand with instructions to grant appellant’s petition.
Reversed and remanded.