327 So.2d 769 (1975)
Richard S. CLARKE, Chairman, et al., Appellants,
v.
Peter J. MORGAN, Jr., et al., Appellees.
No. 46504.
Supreme Court of Florida.
December 10, 1975.
As Modified on Denial of Rehearing March 4, 1976.
Morison Buck, Asst. City Atty., for appellants.
Theodore C. Taub, Gibbons, Tucker, McEwen, Smith, Cofer & Taub, Tampa, for appellees.
SUNDBERG, Justice.
On direct appeal we review a summary judgment of the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, which held Chapter 69-1651, Laws of Florida, Special Acts of 1969, to be unconstitutional. Our jurisdiction vests by virtue of Florida Constitution, Article V, Section 3(b)(1), F.S.A.
This controversy over the use variance power of the City of Tampa Board of Adjustment arose when the Board granted one W.G. Hobbs the right to alter an existing residence to a tearoom restaurant with a seating capacity of forty-eight and with an area for off-street parking sufficient to accommodate fourteen vehicles. The property at issue was zoned R-3, the basic multi-family residential dwelling classification, and, therefore, the use intended by Hobbs was unquestionably nonconforming. The City's building inspector denied the requested permit, and appeal was taken to the Board. The Board granted the use *770 variance despite the unanimous contrary recommendation of the Hillsborough County Planning Commission, which must review all such applications before the Board of Adjustment can act. Chapter 69-1651, Laws of Florida, Special Acts of 1969, supra.
Appellees, owners of residences adjacent to the subject property, commenced this litigation. They moved the lower court for entry of summary judgment on the ground that the Board did not have legal authority to grant use variances. The circuit court declared the granting of the use variance on the Hobbs property to be null and void, finding Chapter 69-1651 to be constitutionally invalid insofar as it purports to grant the Board authority to issue a use variance permitting property to be used in a manner prohibited by the zoning ordinances of the City of Tampa.
We have before us, therefore, the constitutionality, vel non, of Chapter 69-1651, Laws of Florida, Special Acts of 1969, which provides in pertinent part as follows:
"Section 1. In addition to the powers granted to the board of adjustment of the City of Tampa by section 176.14, Florida Statutes, any such board appointed for the City of Tampa is authorized upon appeal in specific cases to grant such variance or use variance from the terms of the zoning ordinances of said city permitting changes in the use of property as will not be contrary to the public interest, where owing to special conditions, a literal enforcement of the provisions of such ordinances will result in unnecessary hardship, and so that substantial justice may be done; provided however, that no use variance shall be granted for new construction on unimproved property; and provided that no such changes in the use of property shall become effective unless it shall have been first submitted to the Hillsborough County planning commission for review and recommendation, and the report of said commission having been received, or a period of thirty (30) days from and after the date of said submission having expired. If the planning commission shall fail to make its recommendation within thirty (30) days after its receipt of such proposed change or modification, it shall be deemed to have approved the proposed amendment or change . .."[1]
This Special Act affecting Tampa, Florida, can be measured against the Standard State Zoning Enabling Act which provides:
"The board of adjustment shall have the following powers: 3. To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done." Standard State Zoning Enabling Act, Section 7 (1926).
The learned trial judge in an extensive and well-written summary final judgment concluded that Chapter 69-1651, Laws of Florida, Special Acts of 1969, constitutes a prohibited delegation of legislative authority to an administrative agency in contravention of Article II, Section 3, Florida Constitution. The trial court cites extensively from the Florida cases which have dealt with this thorny problem and have reached differing results depending on the facts of the particular case. Our review of the cases on the subject reflects that the courts of Florida have reached differing results depending, essentially, on whether the court concluded the action taken by the board or commission constituted the exercise of legislative authority, in which event *771 the administrative agency's action was struck down, or whether the court concluded that the action of the board or commission constituted the exercise of an administrative function, in which event the action of the board or commission was sustained. Cases representative of the first category are Josephson v. Autrey, 96 So.2d 784 (Fla. 1957), wherein the board was held to be without authority to allow construction of a filling station in an area zoned restrictively for motels and tourist accommodations; Mayflower Property, Inc. v. City of Fort Lauderdale, 137 So.2d 849 (2d DCA Fla. 1962), wherein the board was not permitted to allow petitioner to build hotels, motels, or apartments on property zoned Residential because this indulgence would be tantamount to placing the property affected in an entirely different zone; Clarke v. DiDio, 226 So.2d 23 (2d DCA Fla. 1969), wherein the board was held powerless to grant a permit allowing construction of two apartment buildings in an area zoned for single family dwellings, the case arising prior to the 1969 legislative action specifically authorizing the board to issue "use variances" where appropriate; and Kaeslin v. Adams, 97 So.2d 461 (Fla. 1957), wherein the principle of equitable estoppel operated to preclude revocation of a permit issued to allow construction of a trailer park in a prohibited area, after the owner had spent $6,900 on the project in reliance on the earlier decision. The last cited case must be construed to fall within the stated category by virtue of the enunciation by the court on rehearing that it should not be deemed to be in conflict with Josephson v. Autrey in that the majority of the court concurred in its decision on the basis of equitable estoppel, thereby effectively neutralizing the concurring opinion of Associate Justice Taylor which would otherwise have placed the case in the second category announced above.
The second category of cases, i.e., those which conclude that the grant of a use variance under the circumstances of the particular case is essentially an administrative function, is represented by Tau Alpha Holding Corporation v. Board of Adjustments of City of Gainesville, 126 Fla. 858, 171 So. 819 (1937), wherein an ordinance giving the board power to vary the effect of a zoning regulation was held not to be an unconstitutional delegation of legislative authority, the court upholding a temporary permit to a restaurant owner to replace his frame building with a brick building despite its location in an area zoned Residential; State ex rel. Taylor v. City of Jacksonville, 101 Fla. 1241, 133 So. 114 (1931). wherein the court quashed a writ of mandamus ordering the issuance of a permit for the construction of a commercial building in a residential zone and held constitutional the special act granting to an administrative body or board authority to grant use variances as against the contention that said act unconstitutionally delegated legislative power; State ex rel. Landis v. Valz, 117 Fla. 311, 157 So. 651 (1934), wherein a zoning ordinance allowing the city commissioners to permit construction of a racetrack in a residentially-zoned area was upheld; and Wood v. Twin Lakes Mobile Homes Village, Inc., 123 So.2d 738 (2d DCA Fla. 1960), wherein a suit by a property owner attacking a zoning classification as unreasonable was dismissed for failure to exhaust "administrative remedies" which included application to zoning authorities for variance.
The seeming divergence in result reached by the Florida cases on the question here presented is also reflected in the cases from other jurisdictions. A collection and summary of those divergent views is aptly set forth in the case of Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244 (1951). See also the annotation appearing in 58 A.L.R.2d 1083.
Although each of the foregoing representative Florida cases has directly or indirectly considered the question of delegation of legislative authority to an administrative body when that body engages in the grant *772 or denial of a use variance, the question of the constitutionality vel non of the enabling act under which the agency performed has not been determined in this state, except in Tau Alpha Holding Corporation v. Board of Adjustments of City of Gainesville, supra. In each instance the action of the board with respect to the particular facts of the case was considered. For example, in the extensive and well-considered opinion in Josephson v. Autrey, supra, this court did not hold the enabling act unconstitutional, but decided only that the appeals board exceeded its authority in that its action was tantamount to amending the zoning ordinance. As stated by Mr. Justice Thornal at page 788 of the opinion:
"... To endow such a board with the authority to amend the zoning ordinance in particular instances by authorizing a use of property prohibited by the ordinance itself would be to convey to the appeals board the authority to enact legislation, nullify the decision of the municipal legislative body, and in effect destroy the beneficient results to be obtained by comprehensive zoning. When circumscribed by reasonable bounds the appeals board serves a valid and useful purpose. If granted unrestricted power to amend the zoning ordinance by changing completely the authorized uses of the particular land, the effect would be to transfer the legislative powers of the municipality to this non-legislative administrative agency." (Emphasis supplied)
If such language is literally construed it equals a broad disapproval of all use variances. However, absent some provision of a statute or ordinance specifically withholding the power to grant use variances, no court has disapproved all such variances. Anderson, American Law of Zoning, § 14.68, page 59. If the same language is construed in the context of the court's remarks about power "circumscribed by reasonable bounds" for its exercise and about a grant of "unrestricted power", the disapproval of use variances can be reduced only to those variances which are unsupported by such reasonable grounds, or where the enabling act places inadequate limitations upon the discretion of the board.
From a review of the foregoing authorities both within and outside the state of Florida we conclude that the act under review should not be construed to be unconstitutional vel non if appropriate and meaningful standards are included therein to guide an administrative body in acting upon an application for a use variance. We turn, then, to an examination of the express language of the act to ascertain whether the Legislature has imposed sufficient limitations upon the discretion to be exercised by the board of adjustment so as to obviate the objection that the proper exercise of its function violates the constitutional prohibition against delegation of legislative authority. We can be guided in this inquiry by reference to the analysis made by Mr. Justice Terrell in State ex rel. Taylor v. City of Jacksonville, supra, wherein his task was to determine whether it was a prohibited delegation of legislative power to authorize a city commission through its inspector of buildings to enforce and administer the zoning ordinances of the City of Jacksonville there under consideration. Commencing at page 115 of 133 So. Mr. Justice Terrell opined:
"* * * Section 15 provides that all zoning regulations be enforced and administered by the inspector of buildings under rules and regulations of the city commission, and that said city commission shall hear and decide appeals and review any order, decision, requirement, or determination made by the inspector of buildings in the enforcement of zoning regulations.
"We do not think this provision amenable to the assault made on it. In taking such a position, we do not renounce the doctrine of the nondelegability of powers which has become so firmly embedded in our tripartite scheme of *773 government, but on account of the inability of the three branches to respond to the demands of a changing social order, the Legislatures have created and the courts, both state and federal, have approved what the law-writers choose to call the fourth power in government, the administrative, which for practical purposes co-ordinates the other three departments and makes for a more flexible and efficient administration. The Supreme Court of the United States early held that no fundamental or whole power could be delegated, but that the power to supply the details and apply the policy as expressed by the Legislature to changing factual conditions could be. (Citations omitted)
"It cannot be said that administrative boards such as we are concerned with here do not perform certain judicial or quasi judicial functions, but, from an analysis of the foregoing and other cases, the courts in holding them good have proceeded on the theory that governmental administration is a practical matter, and that the incidental exercise of the functions of one department by another is not an impairment of the doctrine of the nondelegation of powers."
The standards and guidelines set forth by the Legislature in Chapter 69-1651, Laws of Florida, Special Acts of 1969, which limit the board of adjustment in acting upon appeals in specific cases to grant variances, may be paraphrased as follows:
1. Such changes in the use of property shall not be contrary to the public interest;
2. Special conditions must exist justifying the use variance;
3. A literal enforcement of the provisions of the zoning ordinance will result in unnecessary hardship;
4. The variance in use must be required so that substantial justice may be done;
5. No use variance shall be granted for new construction on unimproved property; and
6. No such changes in the use of property shall become effective unless it shall have been first submitted to the Hillsborough County Planning Commission for review and recommendation.
It appears clear that the foregoing standards would in no instance authorize the Board of Adjustment to engage in amendments of the basic zoning ordinance, which is a legislative function condemned by Mr. Justice Thornal in Josephson v. Autrey, supra. In the first place, under the proscriptions contained in the Special Act, the applicant must make a showing of special conditions and that a literal enforcement of the provisions of the ordinances will result in unnecessary hardship. Explicit, then, is the requirement that the applicant show not only hardship but unnecessary hardship by literal enforcement; that such unnecessary hardship is brought about by special conditions; and, of course, the hardship cannot be "self-created" as condemned by Josephson v. Autrey. Additionally, and of equal significance, such change in use cannot be "contrary to the public interest" and must serve "substantial justice". The quoted terms make it clear that in considering an application the board of adjustment must take into cognizance the scheme of comprehensive zoning reflected in the ordinances and may not upset the balance between the public interest served by the comprehensive plan and the individual interest of an applicant who makes the requisite showing of "unnecessary hardship." The Act goes even further by prohibiting use variances for new construction on unimproved property and provides the check of a review by and recommendation from the Hillsborough County Planning Commission.
We believe that the standards and guidelines expressed in the enabling act provide an adequate framework for review by the courts to determine whether the administrative *774 agency has exceeded the authority granted it and is acting in a legislative capacity prohibited by the Constitution as opposed to an administrative capacity which is permissible. Our conclusion is buttressed by the able opinion of Judge Wigginton in the case of Safer v. City of Jacksonville, 237 So.2d 8 (1st DCA Fla. 1970), wherein that court had under consideration the provisions of the Housing Code of the City of Jacksonville which permit the Board of Adjustment to vary the application of any provision of the Code to any particular case when, in its opinion, the enforcement thereof would do manifest injustice, and would be contrary to the spirit and purpose of the Code or public interest. At page 12 of the opinion it is stated:
"It is appellants' position that the foregoing provisions of the Code constitute an unlawful delegation of legislative power to an administrative board because they contain no standard by which `undue hardship' or `manifest injustice' may be measured in order to determine whether an owner or tenant is entitled to the relief provided for in the Code. Appellants argue that because of this deficiency the Housing Board of Adjustments and Appeals may arbitrarily and capriciously grant or withhold relief against literal application of the Housing Code according to whim or caprice under the guise of exercising the discretionary power vested in it by the Code. We are unable to agree that such is the legal effect of the provisions here assaulted, and are of the view the terms `undue hardship' and `manifest injustice' are susceptible of legal interpretation based upon the facts of a given case.
"The above-quoted sections of the Code are analogous to the municipal zoning statutes of our state which vest in the zoning board of adjustment the power to authorize variances from the terms of a zoning ordinance where a literal enforcement of its provisions will result in unnecessary hardship or manifest injustice.
"Zoning ordinances, like housing codes, are authorized and enforceable under the police power of the state to preserve, protect, and promote the health, safety, welfare, and morals of our citizens. The validity of a city zoning ordinance identical in all material respects to the zoning statute above mentioned was challenged on constitutional grounds in the case of Tau Alpha Holding Corporation v. Board of Adjustments, etc. It was contended that the ordinance was void because it amounted to an unconstitutional delegation of legislative authority. Such contention was rejected by the Supreme Court which held the ordinance to be valid under the majority view prevailing in our country. On the authority of the Tau Alpha Holding Corporation decision, the contention of appellants in this regard must be rejected." (Footnotes omitted)
Accordingly, we find Chapter 69-1651, Laws of Florida, Special Acts of 1969, not to be violative of Article II, Section 3, Florida Constitution.
The foregoing holding perhaps does not provide a precise mechanical formula, and therefore it is apparent that occasions will arise when the courts will be called upon to review the actions of boards of adjustment or appeal to determine whether they have exceeded the standards and guidelines imposed by the enabling act. However, we do not deem this an encroachment by the judiciary on the legislative function of zoning, a concern expressed by the trial court in its summary final judgment. The function of the judiciary simply will be to determine  as it does in the case of other administrative boards, commissions and agencies  whether the authority granted by the Legislature has been exceeded.
We do not reach nor is this decision intended to render any opinion with respect *775 to the merits of the action taken by the Board of Adjustment in the case at bar.
The summary final judgment herein is reversed and the cause remanded for further proceedings not inconsistent herewith.
ROBERTS, BOYD and OVERTON, JJ., and MOORE, Circuit Judge, concur.
ENGLAND, J., dissents with an opinion, with which ADKINS, C.J., concurs.
ENGLAND, Justice (dissenting).
I respectfully dissent. The Board acquired its authority to grant use variances, if at all, in 1969.[1] A pre-existing delegation of variance authority to this Board had been construed to deny that very grant of power, despite express language in the law "permitting changes in the use of property."[2] In 1969 the Legislature amended the Board's variance statute to read (adding only the underscored language):
"[the Board is authorized] to grant such variance or use variance from the terms of the zoning ordinances of said city permitting changes in the use of property as will not be contrary to the public interest, where owing to special conditions, a literal enforcement of the provisions of such ordinances will result in unnecessary hardship, and so that substantial justice may be done; provided however, that no use variance shall be granted for new construction on unimproved property ... ."
The change was intended, apparently, to overcome the prior denial of use variance authority.[3]
In my view, Josephson v. Autrey[4] teaches that no amendment to the law can give the Board the authority it seeks. The Legislature simply lacks power to delegate to this administrative board a legislative power which had already been properly and exclusively lodged in a municipality. To hold otherwise would allow unlimited, random rezoning.[5]
I would affirm the trial court's declaration that the amendments effected by Chapter 69-1651, Laws of Florida, are unconstitutional. This invalidation of that amendatory statute would leave to the Board only those variance powers set out in Chapter 63-1983, Laws of Florida, the act which the 1969 Legislature endeavored to amend.
ADKINS, C.J., concurs.

ON REHEARING
On consideration of the Petition for Rehearing filed by appellees, the Court has corrected its opinion filed December 10, *776 1975 and the Petition for Rehearing is addressed to the corrected opinion and is hereby denied.
OVERTON, C.J., and ROBERTS, BOYD and SUNDBERG, JJ., and MOORE, Circuit Judge, concur.
ENGLAND, J., would strike the Petition for Rehearing or disregard it, on the authority of Texas Co. v. Davidson, 76 Fla. 475, 80 So. 558 (1919).
ADKINS, J., would grant the petition for rehearing.
NOTES
[1] Although not necessary to our decision herein, it should be noted that Section 176.14, Florida Statutes, was repealed by Chapter 73-129, Laws of Florida.
[1] Ch. 69-1651, Laws of Florida.
[2] Clarke v. DiDio, 226 So.2d 23 (2d DCA Fla. 1969), affirming an opinion of the Hillsborough County Circuit Court.
[3] The trial judge found in his Summary Final Judgment that the amendment was enacted at the request of the Board after the decision in Clarke, supra n. 2.
[4] 96 So.2d 784 (Fla. 1957).
[5] Despite the majority's assertion that "rezoning" can be controlled by judicial review of Board action, and that "the function of the judiciary simply will be to determine ... whether the authority granted by the Legislature has been exceeded," I am not persuaded that it is wise to place the courts in these proceedings even to that extent. The general problems inherent in judicial review of administrative agencies are likely to be exaggerated in these types of cases. For example, could we ascertain from a record on appeal whether the Board had exceeded its authority if this case were to return here with findings to the effect that Mr. Hobbs should be granted a permit to build his tearoom because (i) the tearoom is not contrary to the public interest taking into account the comprehensive zoning scheme reflected in the ordinance, (ii) his special conditions justify the variance, (iii) literal enforcement of the R-3 classification will cause him an unnecessary hardship, and (iv) substantial justice will be served by granting the variance?