395 So.2d 246 (1981)
SAVE BRICKELL AVENUE, INC., a Florida Corporation et al., Appellants,
v.
The CITY OF MIAMI, Florida and Santa Maria Development Group, Appellees.
No. 80-1709.
District Court of Appeal of Florida, Third District.
March 10, 1981.
Williams, Salomon, Kanner, Damian, Weissler & Brooks and Gary S. Brooks, Miami, for appellants.
Robert Clark, Acting City Atty. and Terry V. Percy, Asst. City Atty., Greenberg, Traurig, Hoffman, Lipoff, Quentel & Wolff and Anthony J. O'Donnell, Jr., Miami, for appellees.
Before HUBBART, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The Appellate Division of the Circuit Court, upon motion of Santa Maria Development Group, the developer of certain property at 1643 Brickell Avenue, dismissed with prejudice an appeal and alternative petition for certiorari filed by Save Brickell Avenue, Inc., seeking review of a City of Miami zoning resolution affecting such property. While the developer's motion to dismiss was grounded on assertions that Save Brickell Avenue, Inc. (a) lacked standing to seek review and (b) was estopped from complaining of defects in any public hearing notices, we find nothing in *247 the order of dismissal or the proceedings below indicating that the Circuit Court determined the issue of estoppel, and conclude, therefore, that the dismissal order was based solely on the standing issue.[1] Accordingly, this case is controlled by our recent decision in Save Brickell Avenue, Inc. v. The City of Miami, Florida, 393 So.2d 1197 (Fla.3d DCA 1981), where in a substantially identical setting we held that Save Brickell Avenue, Inc. had standing. We clarify that the statement in the cited case that Save Brickell Avenue, Inc. had "standing to attack the enactment in question on the ground, which was asserted below, that it is void or invalid because the `required notice was not given'" was meant to confirm that Save Brickell Avenue, Inc. had standing to attack on the precise ground involved in that case, but was not meant to limit the standing of an "affected citizen" to an attack based exclusively on the ground that "required notice was not given." An affected citizen such as Save Brickell Avenue, Inc. has standing to attack the resolution on the ground that it is void or invalid by reason of departure from any essential procedure preceding its enactment. It may, in short, attack how the resolution was enacted, but not what was enacted. See Save Brickell Avenue, Inc. v. The City of Miami, Florida, supra, n. 2.
For the reasons set forth in Save Brickell Avenue, Inc. v. The City of Miami, Florida, supra, we treat this appeal as a petition for certiorari, quash the order under review, and remand the cause for further proceedings consistent herewith.
Certiorari granted.
NOTES
[1] We do not address and express no opinion on the merits of Save Brickell's position, on the respondent-developer's contention of estoppel, or the respondent-City's contention that required procedures leading to the enactment of the resolution were followed.