## SAVE BRICKELL AVENUE v. THE CITY OF MIAMI, et al.
### Case No. 80-200 AP
Eleventh Judicial Circuit, Dade County, Appellate Division
February 5, 1982

Gary S. Brooks, Williams, Salomon, Kanner, et al., for appellant

George Knox, Jr., for appellee, The City of Miami

Dubbin, Schiff, Berkman and Dubbin and Daniels & Hicks, for City National Bank as Trustee

Before RIVKIND, SCOTT, and GOLDMAN, J.

SCOTT, JUDGE

I

INTRODUCTION

This is an appeal from a City of Miami resolution approving a Planned Area Development (hereafter "PAD"). There are two privotal points in our view: First, does Appellant have standing? Second, assuming arguendo it does, is the PAD ordinance unconstitutional? In order to intelligently answer these questions, a review of the history of litigation between these parties is required.

## II

## HISTORY OF THE CASE

The Appellant, SAVE BRICKELL AVENUE, INC., is a non-profit, "watch-dog" corporation consisting of members who own homes on a ten block stretch of Brickell Avenue. SAVE BRICKELL'S purpose is to express homeowner viewpoint to entities such as Appellee, CITY OF MIAMI, concerning development plans for Brickell Avenue property. The instant appeal is from the Commission's Resolution approving PAD plans for the construction of 205 units at 1581-97 Brickell Avenue. The Appellee, CITY NATIONAL BANK, holds legal title to this property under a land trust. The structure being built is called "Villa Regina".

This is the second appearance before the Court. In prior proceedings, the Circuit Court dismissed SAVE BRICKELL'S appeal for want of standing to question the Resolution since it was not a property owner.

On certiorari to the Third District, the Court of Appeals in *Save Brickell Avenue, Inc. v. The City of Miami*, 393 So.2d 1197, 1198 (Fla. 3rd DCA 1981) reversed in part, holding that Save Brickell:

". . . is an 'affected . . . citizen' which has standing to attack the enactment in question on the ground which was asserted below, that it is void or invalid because the 'required notice was not given . . .' "

Subsequently, in *Save Brickell Avenue, Inc. v. The City of Miami*, 395 So.2d 246 (Fla. 3rd DCA 1981), the District Court amplified its position:

". . . This case is controlled by our recent decision in *Save Brickell Avenue, Inc. v. The City of Miami, Florida*, 393 So.2d 1197 (Fla. 3rd DCA 1981), where in a substantially identical setting we held that Save Brickell Avenue, Inc. had standing. We clarify that the statement in the cited case that Save Brickell Avenue, Inc. had standing to attack the enactment in question on the ground, which was asserted below, that it is void or invalid because the 'required notice was not given' was meant to limit the standing of an 'affected citizen' to an attack based exclusively on the ground that 'required notice was not given.' An affected citizen such as Save Brickell Avenue, Inc., has standing to attack the resolution on the ground that *it is void or invalid by reason of departure from any essential procedure preceding its enactment. It may, in short, attack how the resolution was enacted, but not what was enacted.*" (emphasis supplied)

Appellees contend that Save Brickell's three points on appeal raise nothing which is properly before the Court. Point I attacks the constitutionality of the underlying PAD ordinance. As to that point, Appellees argue Save Brickell has no standing to raise this issue. Points II and III attack the notice given of the public hearing. As to those points, Appellees argue that Appellant, by appearing and objecting below, has waived the right and is estopped to raise any issues regarding notice. As to the latter points regarding notice, we agree with Appellees based upon the authority of *Malley v. Clay County Zoning Commission*, 225 So.2d 55 (Fla. 1st DCA 1969). Appellant has cited us not authority contrary to *Malley*, and we see no reason why it should not apply to the instant situation.

### III

### STANDING

The question of standing to raise the constitutionality of the ordinance requires more extended discussion. In that regard, the issue is whether within the parameters of the Court of Appeals previous opinions, Appellant's present attack on the constitutionality of the PAD ordinance constitutes a challenge ". . . on the ground that it is void or invalid by reason of a departure from any essential procedure preceding its enactment . . . in short, attack how the resolution was enacted, but not what was enacted."

We hold that it does and, therefore, Save Brickell may attack the unconstitutionality of the PAD ordinance. We feel it is clear that the District Court contemplated that "affected citizens" such as Save Brickell should be given the right to attack the constitutionality of the enabling ordinance. This conclusion is reasonable in light of the language that Save Brickell may attack the resolution based on voidness or invalidity.[1] *Save Brickell v. The City of Miami*, 395 So.2d 246 (Fla. 3rd DCA 1981). Moreover, a constitutional attack on an ordinance is an ". . . essential procedure preceding its enactment . . .". Any other conclusion would lead to an absurd and inconsistent result whereby an organization such as Save Brickell could attack on notice grounds a resolution but not challenge the very validity of the underlying ordinance.[2] Such a situation is totally incongruous.

[1]These are terms commonly used in constitutional jargon for a statute is determined to be unconstitutional. The legal definition of the word "void" is null, ineffectual or having no legal force or binding effect; unable, in law, to support the purpose for which it was intended. The word "invalid" is defined as not of binding force or legal efficacy or lacking in authority or obligation. Black Law Dict. (5th Ed.)

[2]This is not a situation where Save Brickell is attacking the reasonability of the Resolution passed pursuant to the ordinance or where there was inadequate evidence before the City Commission. These arguments would be precluded under the previous Save Brickell cases.

In the present case, the City enacted the subject resolution pursuant to the PAD ordinance. If the ordinance is unconstitutional, i.e., void and invalid, then the Commission did not have the power or authority to approve the resolution; and, a fortiori, any resolution passed pursuant thereto is likewise invalid. This is true even if the unconstitutionality of the ordinance is not raised until after the resolution has been passed. *State ex rel Nuveen v. Green,* 88 Fla. 249, 102 So. 739, 37 ALR. 1298 (1924).[3] To summarize, we hold that Save-Brickell is attacking an "essential procedure preceding enactment" of a zoning resolution, to-wit: the constitutionality vel non of the enabling ordinance.

## IV

## CONSTITUTIONALITY OF THE PAD ORDINANCE

Having now determined that Save-Brickell may challenge the constitutionality of the ordinance, the next question becomes whether PAD ordinance is void? In seeking an answer to this thorny problem, two issues are presented:

(1) Whether there is a requirement for standards where the City Council itself acts as the zoning authority and does not delegate legislative authority to an independent administrative agency?

(2) Whether the challenged zoning ordinance has sufficient standards to guide the City of Miami Commission in the exercise of its power under the PAD ordinance?

The first issue was addressed in *City of Coral Gables v. Deschamps,* 242 So.2d 210 (Fla. 3rd DCA 1970). In that case, the Third District Court of Appeals held that there is a requirement for standards where the City Council itself acts as a zoning authority and does not delegate its legislative authority to an independent agency. The Appellate Court relied, in part, upon the opinion in *North Bay Village v. Blackwell,* 88 So.2d 524 (Fla. 1956), wherein the Supreme Court opined:

An ordinance whereby the City Council delegates to itself the arbitrary and unfettered authority to decide where and how a particular structure shall be built or where located without at

---

[3] "Thus, a statute or part of a statute which is duly declared unconstitutional and rendered inoperative by the supremacy of the Constitution is inoperative from the time of its enactment and not only from the time of the decision. In other words, if a legislative enactment conflicts with an existing provision of the Constitution, such enactment never becomes law." 10 Fla.Jur.2d, Const.Law, Sec. 91, pg. 307; and, 16 Am.Jur.2d, Const.Law, Sec. 177.

the same time setting up reasonable standards which would be applicable alike to all property owners similarly conditioned, cannot be permitted to stand as a valid municipal enactment"

Based upon the authority of *North Bay Village v. Blackwell, supra,* and *City of Coral Gables v. Deschamps, supra,* we hold that where the City of Miami Commission itself acts as a zoning authority, as under the presently enacted PAD ordinance, there is a requirement for sufficient standards in the exercise of such discretion.

Therefore, the second and final question becomes whether the present PAD ordinance lacks sufficient standards for the guidance and control of the Miami City Commission and as such is an unpermitted, arbitrary and unfettered delegation of authority to itself?

At the outset, we recognize that questions of zoning policy, of what is good or bad for the city and the public, involve an exercise of police power and therefore are essentially matters within the legislative orbit. *Conetta v. City of Sarasota,* 400 So.2d 1051 (Fla. 2nd DCA 1981); and, *City of Miami Beach v. Greater Miami Hebrew Academy,* 108 So.2d 50 (Fla. 3rd DCA 1959). However, in the present case, we need not consider whether the governing body has in fact acted capriciously or arbitrarily,[4] because "it is the opportunity, not the fact itself, which will render an ordinance vulnerable." *ABC Liquors, Inc. v. City of Ocala,* 366 So.2d 146 (Fla. 1st DCA 1979).

Appellee-Developer contends that the present PAD ordinance has sufficient standards and cites *Clarke v. Morgan,* 327 So.2d 769 (Fla. 1975). We have examined that decision as well as other Florida cases[5] passing upon the question of the constitutionality vel non of the enabling act under which the legislative agency performs and find that, "the general rule is that a zoning ordinance must prescribe definite standards, in that . . . the city council . . . properly vested with discretionary rights in granting building permits or variances in exception to the zoning ordinance unless there has been established a definite standard to guide them in the exercise of such power." *North Bay Village v. Blackwell, supra.* In other words, if definite standards are not included in the ordinance, it must be deemed unconstitutional as an invalid delegation of legislative power to an administrative board. *Clarke v. Morgan, supra.*

---

[4]Indeed, as previously discussed, Save-Brickell does not even possess standing to raise such question.

[5]Cf. *Josephson v. Autrey,* 96 So.2d 784 (Fla. 1957); *North Bay Village v. Blackwell,* 88 So.2d 524 (Fla. 1956); *Tau Alpha Holding Corp. v. Bd of Adjustment of City of Gainesville,* 126 Fla. 858, 171 So. 819 (1937); and, *Safer v. City of Jacksonville,* So.2d 8 (Fla. 1st DCA 1970).

In the present case, the PAD ordinance provides, in relevant part:

(3) USES, DENSITY, OPEN SPACE AND FLOOR AREA RATIO AND OTHER REGULATIONS

Within a Planned Area Development, any principal and accessory use, density, open space and floor area ratio and other regulations is permitted which is already permitted in the existing zoning district or districts *or PAD Districts as may be determined by the City Commission pursuant to a PAD application,* in which such Planned Area Development is located. The distribution of these permitted principal and accessory uses, density, open space and floor area ratio, and other regulations or deviations therefrom, *shall not be affected by existing zoning regulations, but shall be subject to the approval of the City Commission.* Deviations from the permitted principal and accessory uses, density, open space and floor area ratio and other regulations may be granted upon approval of a PAD Conditional Use application by the City Commission. Criteria to be considered by the City Commission for approval of deviations as described above *may include but are not limited to:* (a) private renewal and redevelopment that creates a better urban environment through the assembly of land, (b) providing of public usable open space through the provision of plazas, parks, and walkways, (c) clearance of obsolete, blighted or undesirable building and/or uses, (d) dedication of waterfront public easements at least twenty feet in width, (e) protection and enhancement of views for the public, especially bayfront or riverfront, (f) preservation of historical structures and/or areas, (g) provision of terminal facilities for off-street parking of automobiles and service vehicles, and (h) other public benefits. (emphasis added)

While it is true that criteria are listed in the ordinance for the City Commission consideration, further examination reveals that such criteria are solely permissive and not mandatory. The key phraseology is "may include but are not limited to . . .". In statutory construction, the word "may" when given its ordinary meaning denotes a permissive term rather than the mandatory connotation of the word "shall". *I.E. Fixel v. Clevenger,* 285 So.2d 687, 688 (Fla. 3rd DCA 1973). Moreover, the working of the ordinance clearly permits the Commission to totally disregard the listed criteria and instead to base a decision upon criteria that are not listed or no criteria at all. Certainly, an ordinance which permits a legislative agency to totally disregard listed criteria and to base a decision upon unlisted or not criteria does not meet the standards

recited in *North Bay Village v. Blackwell, supra,* and the other decisions cited above.

Parenthetically, it must be further noted that the ordinance in Sec. 4(3), cited above, and in Sec. 7 ("where there are conflicts between the requirements of this Article and other provisions of the zoning ordinance, the provisions of this Article shall apply") make it quite clear that existing zoning regulations do not apply to the PAD ordinance. None of the requirements for the issuance of variances found in the zoning laws, e.g., proof of hardship or the existence of special conditions, apply to the PAD ordinance, and most importantly, nothing is substituted for them. Therefore, the inescapable conclusion is that the presently drafter PAD ordinance gives a developer the opportunity to completely avoid the zoning laws.

We have read the cases city by the Appellees, *Clarke v. Morgan, supra; Bellmead Company v. Priddle,* 503 S.E.2d 734 (Ky. App. 1974); and *Prince George's County v. M&B Construction Corp.,* 297 A.2d 683 (Md. 1972) and find the ordinances involved in each of these cases contain far more specific standards than does the Miami PAD ordinance.[6]

This case, in our viewpoint, is more closely analogous to the recent opinion in *ABC Liquor, Inc. v. City of Ocala, supra.* Without extensively reviewing this well-written decision, we believe that its logic and legal analysis is applicable to the present case.

## V

## CONCLUSION

Based upon the foregoing authority and reasoning, we conclude that the Planned Area Development ordinance of the City of Miami is unconstitutional and, therefore, quash the zoning resolution in question.

This decision reached in this case should not be viewed as a general condemnation of Planned Area Development ordinance or the purpose for which such laws are intended. This Court is cognizant the PAD's are neither new or unique to Dade County.[7] However, such ordinances

---

[6]For example, the present case is not analogous to *Clarke v. Morgan, supra,* where the Court upheld a statute where it provided standards, in that, among other things, it authorized variances only if changes in the use of property would not be contrary to public interest, special conditions justified changes and changes would not become effective until it had been submitted to county planning commission for review and recommendation.

[7]This is best exemplified by the present ordinance's predecessor, Ord. No. 76-106, which served as a model for the subject ordinance, but which does not exempt a developer required to submit an application under the ordinance from other appropriate use and non-use restrictions with regard to development of the land.

are not intended to totally obviate pre-existing standards involving density, use, set-back and height. In our viewpoint, the present ordinance does so, and therefore is an unconstitutional delegation of power to the City of Miami Commission.

REVERSED.

Rivkind and Goldman, Concur