426 So.2d 1100 (1983)
CITY OF MIAMI and Santa Maria Development Group, Petitioners,
v.
SAVE BRICKELL AVENUE, INC., Respondent.
Nos. 82-634, 82-742 and 82-790.
District Court of Appeal of Florida, Third District.
February 1, 1983.
*1101 Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff, P.A. and Anthony J. O'Donnell, Jr., Miami, Jose R. Garcia-Pedrosa, City Atty. and Terry V. Percy, Asst. City Atty., for petitioners.
Williams, Salomon, Kanner, Damian, Weissler & Brooks and Gary S. Brooks, Miami, for respondent.
Before SCHWARTZ, C.J., BARKDULL, J., and OWEN, WILLIAM C., Jr., Associate Judge.
SCHWARTZ, Chief Judge.
By petitions for certiorari, City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982), we review a decision of the appellate division of the Dade County circuit court which, on appeal by Save Brickell Avenue, Inc., reversed a Miami City Commission resolution approving a proposed Planned Area Development (PAD) project. Adopting the opinion in a companion case which presented the identical issues, the lower court held that (a) a citizens' association such as Save Brickell had standing to challenge the constitutionality of the underlying PAD ordinance *1102 which granted the commission the ostensible authority to enact the resolution in question and (b) the PAD ordinance was in fact invalid as an unconstitutional delegation of legislative power. We conclude that both holdings fully comport with the essential requirements of the law and therefore deny the petitions.
1. Standing. On the standing question, the comprehensive and well-reasoned opinion of Judge Thomas E. Scott, which was adopted below, states as follows:
The Appellant, SAVE BRICKELL AVENUE, INC., is a non-profit, `watch-dog' corporation consisting of members who own homes on a ten block stretch of Brickell Avenue. SAVE BRICKELL'S purpose is to express homeowner viewpoint to entities such as Appellee, CITY OF MIAMI, concerning development plans for Brickell Avenue property... .
This is the second appearance before the Court. In prior proceedings, the Circuit Court dismissed SAVE BRICKELL'S appeal for want of standing to question the Resolution since it was not a property owner.
On certiorari to the Third District, the Court of Appeal in Save Brickell Avenue, Inc. v. The City of Miami, 393 So.2d 1197, 1198 (Fla. 3d DCA 1981), reversed in part, holding that Save Brickell:
"... is an `affected ... citizen' which has standing to attack the enactment in question on the ground which was asserted below, that it is void or invalid because the `required notice was not given.. .'"
Subsequently, in Save Brickell Avenue, Inc. v. The City of Miami, 395 So.2d 246 (Fla. 3d DCA 1981) [the instant case], the District Court amplified its position:
"... this case is controlled by our recent decision in Save Brickell Avenue, Inc. v. The City of Miami, Florida, 393 So.2d 1197 (Fla. 3d DCA 1981), where in a substantially identical setting we held that Save Brickell Avenue, Inc. had standing. We clarify that the statement in the cited case that Save Brickell Avenue, Inc. had standing to attack the enactment in question on the ground, which was asserted below, that it is void or invalid because the `required notice was not given' was meant to limit the standing of an `affected citizen' to an attack based exclusively on the ground that `required notice was not given.' An affected citizen such as Save Brickell Avenue, Inc., has standing to attack the resolution on the ground that it is void or invalid by reason of departure from any essential procedure preceding its enactment. It may, in short, attack how the resolution was enacted, but not what was enacted."

Appellees contend that Save Brickell's three points on appeal raise nothing which is properly before the Court. Point I attacks the constitutionality of the underlying PAD ordinance. As to that point, Appellees argue Save Brickell has no standing to raise this issue.
* * * * * *
The question of standing to raise the constitutionality of the ordinance requires ... extended discussion. In that regard, the issue is whether within the parameters of the Court of Appeal's previous opinions, Appellant's present attack on the constitutionality of the PAD ordinance constitutes a challenge `... on the ground that it is void or invalid by reason of a departure from any essential procedure preceding its enactment ... in short, attack how the resolution was enacted, but not what was enacted.'
We hold that it does and, therefore, Save Brickell may attack the unconstitutionality of the PAD ordinance. We feel it is clear that the District Court contemplated that `affected citizens' such as Save Brickell should be given the right to attack the constitutionality of the enabling ordinance. This conclusion is reasonable in light of the language that Save Brickell may attack the resolution based on voidness or invalidity.[1] Save Brickell v. The City of Miami, 395 So.2d 246 (Fla. 3d DCA 1981). Moreover, a constitutional attack on an ordinance is an `... *1103 essential procedure preceding its enactment ...'. Any other conclusion would lead to an absurd and inconsistent result whereby an organization such as Save Brickell could attack on notice grounds a resolution but not challenge the very validity of the underlying ordinance.[2] Such a situation is totally incongruous.
In the present case, the City enacted the subject resolution pursuant to the PAD ordinance. If the ordinance is unconstitutional, i.e., void and invalid, then the Commission did not have the power or authority to approve the resolution; and, a fortiori, any resolution passed pursuant thereto is likewise invalid. This is true even if the unconstitutionality of the ordinance is not raised until after the resolution has been passed. State ex rel. Nuveen v. Green, 88 Fla. 249, 102 So. 739, 37 A.L.R. 1298 (1924).[3] To summarize, we hold that Save-Brickell is attacking an `essential procedure preceding enactment' of a zoning resolution, to-wit: the constitutionality vel non of the enabling ordinance.
[1] These are terms commonly used in constitutional jargon for a statute [that] is determined to be unconstitutional. The legal definition of the word `void' is null, ineffectual or having no legal force or binding effect; unable, in law, to support the purpose for which it was intended. The word `invalid' is defined as not of binding force or legal efficacy or lacking in authority or obligation. Black Law Dict. (5th Ed.)
[2] This is not a situation where Save Brickell is attacking the reasonability of the Resolution passed pursuant to the ordinance or where there was inadequate evidence before the City Commission. These arguments would be precluded under the previous Save Brickell cases.
[3] `Thus, a statute or part of a statute which is duly declared unconstitutional and rendered inoperative by the supremacy of the Constitution is inoperative from the time of its enactment and not only from the time of the decision. In other words, if a legislative enactment conflicts with an existing provision of the Constitution, such enactment never becomes law.' 10 Fla.Jur.2d, Const.Law Sec. 91 pg. 307; and 16 Am.Jur.2d, Const.Law, Sec. 177.
We have little to add to this discussion except to express our agreement with its interpretation of our prior opinions in these cases and to note that the core of the standing problem is, of course, the proper interpretation of the supreme court's determination in Renard v. Dade County, 261 So.2d 832, 838 (Fla. 1972) that "[a]ny affected ... citizen"[1] has "standing to attack a zoning ordinance which is void because not properly enacted, as where required notice was not given." It seems clear that this expression applies to any asserted basis for the conclusion that the enactment in question is "void," and, indeed, that, if anything, it is more important to permit a citizen to claim that his government is acting totally without constitutional authority than that it has not observed the procedural niceties.[2]
2. Constitutionality. As to the invalidity of the PAD ordinance itself, there is no need to do more than to indicate our complete approval of Judge Scott's opinion on the subject.
Having now determined that Save-Brickell may challenge the constitutionality of the ordinance, the next question becomes whether PAD ordinance is void? In seeking an answer to this thorny problem, two issues are presented:
(1) Whether there is a requirement for standards where the City Council itself acts as the zoning authority and does not delegate legislative authority to an independent administrative agency?
(2) Whether the challenged zoning ordinance has sufficient standards to guide the City of Miami Commission in the exercise of its power under the PAD ordinance?

*1104 The first issue was addressed in City of Coral Gables v. Deschamps, 242 So.2d 210 (Fla. 3d DCA 1970). In that case, the Third District Court of Appeal held that there is a requirement for standards where the City Council itself acts as a zoning authority and does not delegate its legislative authority to an independent agency. The Appellate Court relied, in part, upon the opinion in North Bay Village v. Blackwell, 88 So.2d 524 (Fla. 1956), wherein the Supreme Court opined:
`An ordinance whereby the City Council delegates to itself the arbitrary and unfettered authority to decide where and how a particular structure shall be built or where located without at the same time setting up reasonable standards which would be applicable alike to all property owners similarly conditioned, cannot be permitted to stand as a valid municipal enactment.'
Based upon the authority of North Bay Village v. Blackwell, supra, and City of Coral Gables v. Deschamps, supra, we hold that where the City of Miami Commission itself acts as a zoning authority, as under the presently enacted PAD ordinance, there is a requirement for sufficient standards in the exercise of such discretion.
Therefore, the second and final question becomes whether the present PAD ordinance lacks sufficient standards for the guidance and control of the Miami City Commission and as such is an unpermitted, arbitrary and unfettered delegation of authority to itself?
At the outset, we recognize that questions of zoning policy, of what is good or bad for the city and the public, involve an exercise of police power and therefore are essentially matters within the legislative orbit. Conetta v. City of Sarasota, 400 So.2d 1051 (Fla. 2d DCA 1981); and, City of Miami Beach v. Greater Miami Hebrew Academy, 108 So.2d 50 (Fla. 3d DCA 1958). However, in the present case, we need not consider whether the governing body has in fact acted capriciously or arbitrarily,[4] because `it is the opportunity, not the fact itself, which will render an ordinance vulnerable.' ABC Liquors, Inc. v. City of Ocala, 366 So.2d 146 (Fla. 1st DCA 1979).
Appellee-Developer contends that the present PAD ordinance has sufficient standards and cites Clarke v. Morgan, 327 So.2d 769 (Fla. 1975). We have examined that decision as well as other Florida cases[5] passing upon the question of the constitutionality vel non of the enabling act under which the legislative agency performs and find that, `the general rule that a zoning ordinance must prescribe definite standards, in that ... the city council ... properly vested with discretionary rights in granting building permits or variances in exception to the zoning ordinance unless there has been established a definite standard to guide them in the exercise of such power.' North Bay Village v. Blackwell, supra. In other words, if definite standards are not included in the ordinance, it must be deemed unconstitutional as an invalid delegation of legislative power to an administrative board. Clarke v. Morgan, supra.
In the present case, the PAD ordinance provides, in relevant part:
(3) USES, DENSITY, OPEN SPACE AND FLOOR AREA RATIO AND OTHER REGULATIONS
Within a Planned Area Development, any principal and accessory use, density, open space and floor area ratio and other regulations is permitted which is already permitted in the existing zoning district or districts or PAD Districts as may be determined by the City Commission pursuant to a PAD application, in which such Planned Area Development is located. The distribution of these permitted principal and accessory uses, density, open space and floor area ratio, and other regulations or deviations therefrom, shall not be affected by existing zoning regulations, but shall be subject to the approval of the City Commission. Deviations from the permitted principal and accessory uses, density, open space and floor area ratio *1105 and other regulations may be granted upon approval of a PAD Conditional Use application by the City Commission. Criteria to be considered by the City Commission for approval of deviations as described above may include but are not limited to: (a) private renewal and redevelopment that creates a better urban environment through the assembly of land, (b) providing of public usable open space through the provision of plazas, parks, and walkways, (c) clearance of obsolete, blighted or undesirable building and/or uses, (d) dedication of waterfront public easements at least twenty feet in width, (e) protection and enhancement of views for the public, especially bayfront or riverfront, (f) preservation of historical structures and/or areas, (g) provision of terminal facilities for off-street parking of automobiles and service vehicles, and (h) other public benefits. (emphasis added)
While it is true that criteria are listed in the ordinance for the City Commission consideration, further examination reveals that such criteria are solely permissive and not mandatory. The key phraseology is `may include but are not limited to. .. .' In statutory construction, the word `may' when given its ordinary meaning denotes a permissive term rather than the mandatory connotation of the word `shall'. I.E. Fixel v. Clevenger, 285 So.2d 687, 688 (Fla. 3d DCA 1973). Moreover, the wording of the ordinance clearly permits the Commission to totally disregard the listed criteria and instead to base a decision upon criteria that are not listed or no criteria at all. Certainly, an ordinance which permits a legislative agency to totally disregard listed criteria and to base a decision upon unlisted or no criteria does not meet the standards recited in North Bay Village v. Blackwell, supra, and the other decisions cited above.
Parenthetically, it must be further noted that the ordinance in Sec. 4(3), cited above, and in Sec. 7 (`where there are conflicts between the requirements of this Article and other provisions of the zoning ordinance, the provisions of this Article shall apply') make it quite clear that existing zoning regulations do not apply to the PAD ordinance. None of the requirements for the issuance of variances found in the zoning laws, e.g., proof of hardship or the existence of special conditions, apply to the PAD ordinance, and most importantly, nothing is substituted for them. Therefore, the inescapable conclusion is that the presently drafted PAD ordinance gives a developer the opportunity to completely avoid the zoning laws.
We have read the cases cited by the Appellees, Clarke v. Morgan, supra; Bellmeade [Bellemeade] Company v. Priddle, 503 S.W.2d 734 (Ky.App. 1973); and Prince George's County v. M & B Construction Corp., [267 Md. 338] 297 A.2d 683 (Md. 1972) and find the ordinances involved in each of these cases contained far more specific standards than does the Miami PAD ordinance.[6]
This case, in our viewpoint, is more closely analogous to the recent opinion in ABC Liquor[s], Inc. v. City of Ocala, supra. Without extensively reviewing this well-written decision, we believe that its logic and legal analysis is applicable to the present case.
[4] Indeed, as previously discussed, Save-Brickell does not even possess standing to raise such question.
[5] Cf. Josephson v. Autrey, 96 So.2d 784 (Fla. 1957); North Bay Village v. Blackwell, 88 So.2d 524 (Fla. 1956); Tau Alpha Holding Corp. v. Bd. of Adjustments of City of Gainesville, 126 Fla. 858, 171 So. 819 (1937); and, Safer v. City of Jacksonville, 237 So.2d 8 (Fla. 1st DCA 1970).
[6] For example, the present case is not analogous to Clarke v. Morgan, supra, where the Court upheld a statute where it provided standards, in that, among other things, it authorized variances only if changes in the use of property would not be contrary to public interest, special conditions justified changes and changes would not become effective until it had been submitted to county planning commission for review and recommendation.
Certiorari denied.
NOTES
[1] We held in Save Brickell Ave., Inc. v. City of Miami, 393 So.2d 1197 (Fla. 3d DCA 1981) that Save Brickell was an "affected citizen" within the meaning of this statement.
[2] Neither instance involves the wisdom, reasonableness, or fairly debatable nature of the ordinance, none of which, it is clear, may be challenged by a citizens' group like Save Brickell. United States Steel Corp. v. Save Sand Key, Inc., 303 So.2d 9 (Fla. 1974); Renard v. Dade County, supra, 261 So.2d at 838; Hemisphere Equity Realty Co. v. Key Biscayne Property Taxpayers Association, 369 So.2d 996, 1001 (Fla. 3d DCA 1979).