Mr. Donald J. Lunny Plantation City Attorney 200 East Las Olas Boulevard, Suite 1800 Fort Lauderdale, Florida 33301
Dear Mr. Lunny:
You have asked for my opinion on substantially the following questions:
1. What procedure must the City of Plantation utilize to reclassify businesses, professions, or occupations for purposes of imposing an occupational license tax under section 205.0535, Florida Statutes?
2. What procedure must the City of Plantation utilize to establish a new occupational license tax rate structure (either by increasing the present rate or recalculating the tax using a different method) without reclassifying a business?
In sum:
1. The City of Plantation must follow the prescribed procedures set forth in section 205.0535(1), (2) and (3)(a), Florida Statutes, in reclassifying businesses, professions, or occupations for purposes of imposing a municipal occupational license tax.
2. The City of Plantation may establish a new occupational license tax rate structure for the municipality by following the provisions of section 205.0535(1), (2), (3)(a) and (b)1., Florida Statutes.
Section 1(a), Article VII, Florida Constitution, provides in part that "[n]o tax shall be levied except in pursuance of law. . . . All other forms of taxation shall be preempted to the state except as provided by general law." In addition, section 9 of Article VII states that municipalities shall be authorized by general law to levy other taxes for municipal purposes with certain exceptions.
The "Local Occupational License Tax Act,"[1] Chapter 205, Florida Statutes, authorizes the governing body of a municipality to levy "an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction."[2] Certain conditions are imposed on the authority of a municipality to levy an occupational tax, such as a requirement that the tax be based on reasonable classifications and be uniform throughout any class.[3]
Pursuant to section 205.043(1)(b), Florida Statutes:
Unless the municipality implements s. 205.0535 or adopts a new occupational license tax ordinance under s. 205.0315, an occupational license tax levied under this subsection may not exceed the rate in effect in the municipality for the year beginning October 1, 1971; however, beginning October 1, 1980, the municipal governing body may increase occupational license taxes authorized by this chapter. . . .[4]
Thus, the rate at which a municipality may increase the taxes levied on occupational licensees is limited to an amount based on the rate adopted in 1982[5] unless the city implements section205.0535, Florida Statutes. Municipalities that do not currently have an occupational license tax ordinance may adopt a new ordinance pursuant to section 205.0315, Florida Statutes.
The City of Plantation currently enforces an occupational license
tax ordinance and wishes to adopt amendments to that ordinance pursuant to section 205.0535, Florida Statutes. Your question is submitted in two parts: the first dealing with a change in the classification of businesses or professions; the second relating to a change in rate structure of the occupational license tax without regard to a reclassification of businesses.
Question One
Section 205.0535(1), Florida Statutes, authorizes any municipality to adopt an ordinance, before October 1, 1995, reclassifying businesses, professions, and occupations and establishing new occupational license tax rate structures if the conditions set forth in subsections (2) and (3) of this section are met. Subsection (2) of the statute requires that:
Before adopting a reclassification and revision ordinance, the municipality or county must establish an equity study commission and appoint its members. Each member of the study commission must be a representative of the business community within the local government's jurisdiction. Each equity study commission shall recommend to the appropriate local government a classification system and rate structure for local occupational license taxes.
The local governing body may adopt a new occupational license tax ordinance by majority vote after considering the reclassification and rate structure revisions. However, prior to final adoption of the ordinance, section 205.042, Florida Statutes, requires the local governing body to give at least 14 days public notice between the first and last reading of the proposed ordinance by publishing the notice in a newspaper of general circulation within its jurisdiction.[6]
In addition, section 205.0535(3), Florida Statutes, limits the percentage of increase which may be imposed in the revised ordinance:
(a). . . . Except that a minimum license tax of up to $25 is permitted, the reclassification shall not increase the occupational license tax by more than the following: for licenses costing more than $150 or less, 200 percent; for licenses costing more than $150 but not more that $500, 100 percent; for licenses costing more than $500 but not more than $2,500, 75 percent; for licenses costing more than $2,500 but not more than $10,000, 50 percent; and for licenses costing more than $10,000, 10 percent; however, in no case may any license be increased more than $5,000.
Thus, the City of Plantation may reclassify businesses, professions, and occupations and establish occupational license tax amounts within the limits prescribed by the Legislature by following the procedures set forth in section 205.0535(1), (2) and (3)(a), Florida Statutes.
Question Two
The City of Plantation may establish new rate structures for its occupational license tax by complying with the provisions of section 205.0535(1), (2), and (3), Florida Statutes.
Not only does section 205.0535, Florida Statutes, restrict the percentages that may be imposed in reclassifying occupational licenses, but the statute also limits the amount of revenues that may be generated by the new rate structure established by the ordinance.
Section 205.0535(3), Florida Statutes, provides:
(b) The total annual revenue generated by the new rate structure for the fiscal year following the fiscal year during which the rate structure is adopted may not exceed: 1. For municipalities, the sum of the revenue base and 10 percent of that revenue base. The revenue base is the sum of the occupational license tax revenue generated by licenses issued for the most recently completed local fiscal year or the amount of revenue that would have been generated from the authorized increases under s.205.043(1)(b), whichever is greater, plus any revenue received from the county under s. 205.033(4).[7]
Thus, section 205.0535, Florida Statutes, authorizes reclassification and rate structure revisions but limits the percentage that an occupational license tax may be increased. The statute also restricts the total annual revenue that may be generated by the new rate structure.
Section 205.0535(1), Florida Statutes, provides that a municipality "may, by ordinance, reclassify businesses . . . and may establish new rate structures. . . ." (e.s.) Thus, the statute may be read to authorize two separate actions, i.e., the reclassification of business and the establishment of a new rate structure, but does not appear to mandate either or both.[8] A review of the legislative history prepared during the revisions to section 205.0535, Florida Statutes, indicates that the intention of the Legislature was to provide local governments with an opportunity to revise their occupational license tax ordinances and the continued opportunity to undertake a limited revision every other year thereafter.[9] A reading of the statute that would permit a revision of the rate structures in a local ordinance while continuing the current classification of businesses, professions, or occupations would appear to accomplish the purposes of the Legislature in adopting section 205.0535, Florida Statutes.
An ordinance revising rate structures must satisfy the requirements set forth in subsections (1) and (2) of section205.0535, i.e., an equity study commission must be established and must recommend changes to the current ordinance and the local governing body must adopt the new ordinance by a majority vote. As discussed herein, the revision must comply with the cap on revenue generated by the new rate structure as set forth in section205.0535(3)(b), Florida Statutes.[10]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 205.013, Fla. Stat., providing the title of the chapter.
[2] Section 205.042, Fla. Stat.
[3] Section 205.043, Fla. Stat.
[4] Section 205.043(1)(b), Fla. Stat.
[5] The remainder of s. 205.043(1)(b), Fla. Stat., reads:
The amount of the increase above the license tax rate levied on October 1, 1971, for license taxes levied at a flat rate may be up to 100 percent for occupational license taxes that are $100 or less; 50 percent for occupational license taxes that are between $101 and $300; and 25 percent for occupational license taxes that are more than $300. Beginning October 1, 1982, an increase may not exceed 25 percent for license taxes levied at graduated or per unit rates. Authority to increase occupational license taxes does not apply to licenses granted to any utility franchised by the municipality for which a franchise fee is paid.
[6] Section 205.042, Fla. Stat., provides, in part, that:
The governing body of an incorporated municipality may levy, by appropriate resolution or ordinance, an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction. However, the governing body must first give at least 14 days public notice between the first and last reading of the resolution or ordinance by publishing the notice in a newspaper of general circulation within its jurisdiction as defined by law. The notice must contain the proposed classifications and rates applicable to the occupational license tax.. . . .
[7] Subparagraph (c) of s. 205.0535(3), Fla. Stat., authorizes revenue increases attributable to increases in the number of licenses issued in addition to the revenue increases authorized by subparagraph (b).
[8] The word "may" when given its ordinary meaning denotes a permissive term rather than the mandatory connotation of the word "shall." See, Fixel v. Clevenger, 285 So.2d 687 (Fla. 3d DCA 1973); City of Miami v. Save Brickell Ave., Inc., 426 So.2d 1100
(Fla. 3d DCA 1983).
[9] See, Senate Staff Analysis and Economic Impact Statement on SB 364 dated March 4, 1993, Florida Senate.
[10] And see, s. 205.0535(4), Fla. Stat., which authorizes a municipality, after adopting a reclassification and revision ordinance, to increase the rates of local occupational license taxes by up to 5 percent in an ordinance that may be adopted every other year.