Mr. Richard A. Harrison Attorney for the Hillsborough County Hospital Authority Post Office Box 2111 Tampa, Florida 33601
Dear Mr. Harrison:
As attorney for the Hillsborough County Hospital Authority you have asked substantially the following question:
May employees of a private, not-for-profit corporation that leases and operates the facilities of the Hillsborough County Hospital Authority serve as members of the employee advisory committee for the authority?
In sum:
Section 6(2), Chapter 96-449, Laws of Florida, does not authorize employees of facilities operated by a private, not-for-profit corporation to serve as members of the employee advisory committee for the Hillsborough County Hospital Authority since they are not employees from facilities within the authority's jurisdiction.
The Hillsborough County Hospital Authority (the authority) was created by Chapter 96-449, Laws of Florida. Pursuant to the act, the authority "exercises a proper public purpose and essential governmental function of the state and the county and shall have all power and authority necessary to carry out the purposes of this act, including, without limitation, all powers authorized by law to hospital facilities, districts, and authorities and powers of a body corporate[.]"[1] The authority is specifically authorized to "[e]mploy professional and other personnel necessary to its effective operation, fix their compensation, and adopt a personnel plan and facilitate an employee advisory committee[.]"[2]
Section 6 of the act sets forth powers of the authority relating to personnel. Subsection (2), provides:
"An employee advisory committee may be elected by employees from the facilities under the jurisdiction of the Authority in a manner determined by the Authority to assure representation from each facility. The employee advisory committee must meet at least quarterly. Suggestions by the employee advisory committee relating to personnel matters must be considered by the Authority. The employee advisory committee will be the medium in providing a continuous and meaningful exchange between the authority and employees of ideas regarding and practical solutions to personnel matters."
According to your letter, the Employee Advisory Committee (the committee) was created and operates pursuant to the provisions of the act. The committee has its own bylaws and procedures and elects its own officers. It is represented at every meeting of the authority's governing board by its chairperson, who interacts directly with the authority regarding personnel matters. This office has previously determined that the committee, as a legislatively created committee that makes recommendations to the authority, is subject to both the Public Records Law and the Government in the Sunshine Law.[3]
Effective January 1, 1997, all employees of the authority were transferred to and became employed by the authority's wholly owned, not-for-profit subsidiary, Tampa General Staffing, Inc. (TGS). TGS is a tax exempt, not-for-profit corporation created by the authority, which is the sole member of the corporation. According to your letter, the transfer of employees to the staffing company was made solely for the convenience and financial benefit of the authority to enable it to withdraw from the Florida Retirement System and was not intended to affect the interaction between the authority and its employees. The board of trustees of the authority at all times serves as the board of directors of TGS, and all of the employees of TGS are leased to the authority under a staffing agreement to provide the necessary staffing for the authority's facilities. Although the employees were technically employed by TGS on January 1, 1997, the Employee Advisory Committee has continued to operate without interruption on behalf of these employees.
The Authority has now entered into a lease agreement pursuant to the provisions of section 155.40, Florida Statutes (1996 Supplement), under which it will lease and transfer its assets and facilities to Florida Health Sciences Center, Inc. (FHSC), a private, tax-exempt, not-for-profit Florida corporation. According to your letter, the lease agreement requires that all former authority employees be offered employment with FHSC. FHSC will assume sponsorship of all employee pension benefit plans and employee welfare benefit plans, as such are defined in the Employee Retirement Income Security Act (ERISA), which are now the responsibility of the wholly owned subsidiary of the authority.
Your question is whether under this arrangement the employees advisory committee, as authorized in section 6(2), Chapter 96-449, Laws of Florida, may continue to function. The provisions of the lease agreement between the authority and FHSC are not at issue here and no review of terms of the agreement has been undertaken.
Section 6(2), Chapter 96-449, Laws of Florida, makes the creation of an employee advisory committee permissive rather than mandatory,[4] but requires that the members of the employee advisory committee "be elected by employees from the facilitiesunder the jurisdiction of the Authority[.]" (e.s.) Florida Health Sciences Center, Inc., the entity with which the Authority has contracted, is a private corporation and the lease agreement provides that the Authority will lease and transfer its facilities to FHSC. Following transfer of its assets and facilities to a private corporation, the authority will have no facilities under its jurisdiction from which employee advisory committee members may be elected. Therefore, meeting the requirement expressed in section 6(2), Chapter 96-449, Laws of Florida, that members of the employee advisory committee be selected from those working at "facilities under the jurisdiction of the Authority" will become impossible after the transfer of these facilities to FHSC.
It is a general rule of statutory construction that a legislative direction as to how a thing is to be done acts as a prohibition against its being done in any other way.[5] In light of the special act's requirement that members of the employee advisory committee be selected from among those workers at facilities within the jurisdiction of the authority, I cannot say that members of the committee may be chosen from facilities under the jurisdiction of another. This office has no authority to qualify or read into a statute an interpretation that seems more equitable under circumstances presented by a particular factual situation; such construction, when the language of a statute is clear, would in effect be an act of legislation that is exclusively the prerogative of the Legislature.[6]
Therefore, it is my opinion that employees of facilities operated by a private, not-for-profit corporation are not authorized by section 6(2), Chapter 96-449, Laws of Florida, to serve as members of the employee advisory committee for the Hillsborough County Hospital Authority since they are not employees from facilities within the authority's jurisdiction.
However, I would note that section 155.40(2)(c), Florida Statutes, states that any such lease, contract, or agreement made pursuant to this section must "[p]rovide for the orderly transition of the operation and management of such facilities[.]" I am not aware of any statutory impediment to the inclusion of a provision in the lease agreement between the Hillsborough County Hospital Authority and FHSC that would ensure the continuation of the employee advisory committee or its equivalent as a facilitator of meaningful exchange between management and these employees.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 5, Ch. 96-449, Laws of Florida.
[2] Section 5(10), Ch. 96-449, Laws of Florida.
[3] See, Op. Att'y Gen. Fla. 96-32 (1996).
[4] The word "may" when given its ordinary meaning denotes a permissive term rather than the mandatory connotation of the word "shall." See, Fixel v. Clevenger, 285 So.2d 687 (Fla. 3d DCA 1973); City of Miami v. Save Brickell Avenue, Inc.,426 So.2d 1100 (Fla. 3d DCA 1983).
[5] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbsv. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Alsop v.Pierce, 19 So.2d 799, 805-806 (Fla. 1944).
[6] Cf., Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209
(Fla. 1974); Op. Att'y Gen. Fla. 81-10 (1981).